UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLEISURE, LLC | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No. 1:20-cv-04662-TWT |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SUNVILLA CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SUNVILLA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................. 1

II.    APPLICABLE LAW ............................................................ 2

III.   ARGUMENT ...................................................................... 4

    A.   Atleisure does not Possess Standing to and cannot Assert the '492
        Patent as a Patent Owner ........................................................ 4

        1.   Chain of assignment of the '492 patent ............................. 4

        2.   Atleisure does not have sufficient ownership of the '492 patent to
            maintain suit for infringement. ....................................... 6

        3.   Atleisure's prior arguments are unpersuasive ................................. 8

    B.   Atleisure does not Possess Standing to and Cannot Assert the '492
        Patent as a Purported "Exclusive Licensee" ....................................... 11

IV.   CONCLUSION ................................................................... 15

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*AntennaSys, Inc. v AQUYR Techs., Inc., .*
   976 F.3d 1374 (Fed. Cir. 2020) .................................................... 8, 10, 11, 12

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.,*
   434 F.3d 1336 (Fed. Cir. 2006) .................................................... 16

*Enovsys LLC v. Nextel Communications, Inc.,*
   614 F.3d 1333, 1341 (Fed. Cir. 2010) ........................................... 7

*Ethicon, Inc. v. U.S. Surgical Corp.,*
   135 F.3d 1456, 1467 (Fed. Cir. 1998) ........................................... 11

*Harris v. Ivax Corp.,*
   182 F.3d 799, 802 n.2 (11th Cir. 1999) ........................................ 9

*Horne v. Potter,*
   392 F. App'x. 800, 802 (11th Cir. 2010) ....................................... 9

*Immunex Corp. v. Sandoz Inc.,*
   964 F.3d 1049, 1059 (Fed. Cir. 2020) ........................................... 11

*In re Hubbell,*
   709 F.3d 1140 (Fed. Cir. 2013) .................................................... 11

*Israel Bio-Engineering Project v. Amgen, Inc.,*
   475 F.3d 1256, 1264-65 (Fed. Cir. 2007) ...................................... 7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,*
   925 F.3d 1225, 1235 (Fed. Cir. 2019) ........................................... 7, 8, 11

*Morrow v. Microsoft Corp.,*
   499 F.3d 1332, 1338 (Fed. Cir. 2007) ................................... 6, 7, 8, 16, 18, 19

*Okim v. Bank of Am.,*
   2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. 2012) .................. 9

*Sicom Sys., Ltd. v. Agilent Techs., Inc.,*
    427 F.3d 971, 975-76 (Fed. Cir. 2005).................................................... 7, 16

*SIPCO, LLC v. Streetline, Inc.,*
    230 F. Supp. 3d 351, 353 (D. Del. 2017) .................................................... 15

*STC.UNM v. Intel Corp.,*
    754 F.3d 940, 946 (Fed. Cir. 2014)............................................................ 1

*University of Pittsburgh v. Varian Med,*
    569 F.3d 1328, 1331 (Fed. Cir. 2009)........................................................ 11

## **Statutes**

35 U.S.C. § 100(d) ............................................................................................ 7

35 U.S.C. § 261.......................................................................................... 12, 14

35 U.S.C. § 286............................................................................................... 17

## **Rules**

Fed. R. Evid. 201(b) ......................................................................................... 9

Rule 12(b)(1)...................................................................................................... 7

Rule 12(b)(6) ..................................................................................................... 8

Defendant Sunvilla Corporation ("Sunvilla") moves to dismiss the entirety of Plaintiff Atleisure, LLC's ("Atleisure's") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and presents the following brief in support thereof.

## I.  INTRODUCTION

Atleisure alleges infringement of U.S. patent no. 8,104,492 (the "'492 patent").  However, Atleisure neither owns nor is an exclusive licensee of the '492 patent and is legally incapable of enforcing it.  An examination of records made public in prior litigation reveals that the '492 patent was most recently assigned, *inter alia*, to Plaintiff Atleisure **and** third-party Yada Technology **as co-owners**.  Because Atleisure's own ownership records show that the '492 patent is co-owned by third party Yada Technology, Atleisure is not empowered to sue on its own for infringement; rather, to maintain suit, Yada Technology must be added as a necessary party plaintiff. If Yada Technology does not join as plaintiff, this action must be dismissed.

Dismissal of this suit is also appropriate despite Atleisure's alternative assertion that it was granted an exclusive license in the '492 patent. While an exclusive licensee of substantially all the rights in a patent is, in limited circumstances, entitled to assert that patent in the licensee's own name, three facts independently defeat such an assertion in this case.

1

**First**, the Patent and Trademark License Agreement dated September 13, 2011, and relied on by Atleisure as its "exclusive license" expired on May 24, 2012, the date Atleisure and Yada Technology exercised an option to jointly purchase that patent. Because the license expired over 8 years ago, whatever rights it may have granted are now irrelevant. **Second**, the license agreement by its own terms granted **joint** rights to practice and enforce the '492 patent to Atleisure and third-party Yada Technology. Thus, the license is in no way "exclusive," there being two separate and independent licensees. **Third**, the license agreement at issue does not even provide Atleisure (or co-licensee Yada Technology) the right to grant licenses themselves in the '492 patent without prior approval; rather, the right to grant licenses remained in the licensor. Because the license did not grant "all substantial rights" in the '492 patent—or even a right to exclude others from using that patent—licensee Atleisure did not even have standing to sue for infringement during the brief period the license was in force.

## II.    APPLICABLE LAW

In order to sue in an Article III court, a plaintiff must meet both constitutional and statutory standing requirements. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338 (Fed. Cir. 2007). Constitutional standing considers whether a plaintiff can invoke judicial power. *Lone Star Silicon*

*Innovations LLC v. Nanya Tech. Corp.,* 925 F.3d 1225, 1235 (Fed. Cir. 2019). To have constitutional standing, a plaintiff must possess "exclusionary rights" in the patent. *Id.* at 1234. This is because those with exclusionary rights—generally the right to prevent others from making, using, selling, or offering to sell the patented invention—suffer an injury-in-fact when their rights are infringed. *Id.*; *see also Morrow*, 499 F.3d at 1339. The plaintiff bears the burden of establishing that it has the right to bring a patent infringement suit. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). A motion to dismiss for lack of constitutional standing is properly brought under Rule 12(b)(1) because it is a jurisdictional defect. *Lone Star*, 925 F.3d at 1235.

Statutory standing, on the other hand, considers whether a party may obtain relief under the patent laws. *Lone Star*, 925 F.3d at 1235. Title 35 allows a "patentee" to bring a civil action for patent infringement. 35 U.S.C. § 281. A "patentee" includes the original patentee (the inventor or original assignee) and "successors in title." 35 U.S.C. § 100(d); *Lone Star*, 925 F.3d at 1235-36. If two or more persons jointly own a patent, all such persons must join a suit for infringement. *Enovsys LLC v. Nextel Communications, Inc.*, 614 F.3d 1333, 1341 (Fed. Cir. 2010); *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007).

3

If a plaintiff holds exclusionary rights and all substantial rights to the patent, he can sue for infringement in his own name. *Lone Star*, 925 F.3d at 1228; *Morrow*, 499 F.3d at 1339. If a plaintiff holds exclusionary rights but does not hold all substantial rights to the patent, he can still sue for infringement, but must join the titleholder of the patent as a co-plaintiff. *Morrow*, 499 F.3d at 1340. If the plaintiff lacks exclusionary rights and holds less than all substantial rights to the patent—is a "mere licensee"—then he lacks standing and cannot sue. *Lone Star*, 925 F.3d at 1229; *Morrow*, 499 F.3d at 1340-41. Lack of "statutory standing" is not a jurisdictional defect, so the motion is properly considered under Rule 12(b)(6). *Lone Star*, 925 F.3d at 1235 & 1236 n.6; *AntennaSys, Inc. v AQUYR Techs., Inc.,* 976 F.3d 1374, 1379 (Fed. Cir. 2020).

## III.    ARGUMENT

### A.  Atleisure does not Possess Standing to and cannot Assert the '492 Patent as a Patent Owner

#### 1.  Chain of assignment of the '492 patent

An examination of records made public in the prior litigation of Atleisure, LLC v. Ace Evert shows the following chain of ownership of the '492 patent (and its related application).[1]

---

[1] In 2012, Atleisure brought suit in the United States District Court for

4

On November 12, 2009, Wu Wei Dan, named inventor of the '492 patent, assigned his rights to Southern Sales & Marketing Group, Inc. ("Southern Sales"). The Dan to Southern Sales assignment is identified on the face of the '492 patent and is not in dispute.

Next, on May 24, 2012, Southern Sales assigned a group of patents – including the '492 patent – jointly to Atleisure **and** Yada Technology Group Company, Ltd.  (Ex. 1, Assignment of Intellectual Property, at pp. 1-2). Atleisure has confirmed this assignment of the '492 patent to Atleisure and Yada Technology as co-owners.  (Ex. 2, Plaintiff's Response to Defendant's Statement of Material Facts, at par. 41) ("On May 24, 2012, final payment was made, and the Assignors assigned the patents jointly to Yada and to

the Northern District of Georgia alleging infringement of, *inter alia*, the '492 patent against Ace Evert, Inc.  (Ex. 8, Complaint, Case No. 1:12-cv-01260-CAP). After the question of Atleisure's standing to enforce the '492 patent was raised, Atleisure filed with the Court a multiplicity of documents and pleadings, all of public record.  Documents filed by a party in an earlier action are the proper subject of judicial notice.  *See Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. 2010); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged"); *see also* Fed. R. Evid. 201(b) (judicial notice).

Sunvilla hereby requests that the Court take judicial notice of the pleadings, filings, and agreements in the public record of the prior case and relied on in this Motion.

5

<u>Plaintiff [Atleisure]</u>…") (emphasis added).[2]

Despite having already assigned the '492 patent jointly to Atleisure and Yada Technology on May 24, 2012, Southern Sales—on that same day, May 24, 2012—also assigned the '492 patent "to Plaintiff [Atleisure]." (Ex. 2 at par. 42). This latter assignment to Atleisure (only) was later filed with the U.S. Patent and Trademark Office ("PTO"). (Ex. 3, Declaration of William Brown with attachments, at p. 25-28; Ex. 2 at par. 44). Thus, Southern Sales assigned the '492 patent in two contradictory ways via execution of different documents on the same day: (a) jointly to Atleisure and Yada Technology as co-owners, and (b) to Atleisure alone.

### 2. Atleisure does not have sufficient ownership of the '492 patent to maintain suit for infringement.

An action for patent infringement must join as plaintiffs all co-owners of the patent. *Antennasys, Inc. v. AQYR Techs.*, 976 F.3d at 1378; *University of Pittsburgh v. Varian Med*, 569 F.3d 1328, 1331 (Fed. Cir. 2009); *Ethicon,*

---

[2] In Plaintiff's Response to Defendant's Statement of Material Facts, filed in the prior suit as Dkt. 103 (and attached hereto as Ex. 2), Plaintiff Atleisure also agreed at par. 14 to the following summary of this assignment: "On May 24, 2012, Kenneth A. Harbaugh and Southern Sales and Marketing Group Inc., as assignors and Yada Technology Group Company and ATLeisure, LLC (formerly Southern Casual Living, LLC) as assignees, entered into an Assignment of Intellectual Property Agreement." (Ex. 2, at par. 14).

*Inc. v. U.S. Surgical Corp.,* 135 F.3d 1456, 1467 (Fed. Cir. 1998). A key purpose of Section 281 is "preventing harassment through multiple infringement suits by different assignees asserting essentially the same patented invention." *Immunex Corp. v. Sandoz Inc.*, 964 F.3d 1049, 1059 (Fed. Cir. 2020); *In re Hubbell*, 709 F.3d 1140 (Fed. Cir. 2013).  Failure of a plaintiff to join a patent co-owner to an infringement suit defeats the plaintiff's "ability to satisfy the statutory prerequisites for bringing an infringement suit."  *Antennasys, Inc.*, 976 F.3d at 1378.  This failure of "statutory standing" – different from Article III standing – is properly raised by Rule 12(b)(6) motion.  *Lone Star*, 925 F.3d at 1235 ("[F]ollowing *Lexmark*, several courts have concluded that motions to dismiss based on 'statutory standing' defects are properly brought under Rule 12(b)(6) rather than Rule 12(b)(1) in recognition of the fact that such defects are not jurisdictional.")

Because Yada Technology—by Atleisure's own admission—is a co-owner of the '492 patent, Yada Technology is a necessary and indispensable party to this suit.  Sunvilla should not have to suffer the risk of multiple liabilities fomented by the Atleisure's and Yada Technology's strategy of conflicting patent assignments.  Accordingly, dismissal of this suit is called for unless Yada Technology *voluntarily* joins as plaintiff in this action.  *See STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014) (A non-

consenting co-owner cannot be **_in_**voluntarily joined in an infringement action because "the right of a patent co-owner to impede an infringement suit brought by another co-owner is a substantive right."); *accord Antennasys*, 976 F.3d at 1378.

### 3. Atleisure's prior arguments are unpersuasive

Faced with potential dismissal of its previous '492 patent infringement suit due to lack of sufficient ownership, Atleisure argued that its filing with the PTO of the May 24, 2012, assignment of the '492 patent to Atleisure (only) trumped all other facts and established Atleisure's right to sue without patent co-owner Yada Technology.  (*See* Ex. 4, Plaintiff's Supplemental Brief in Support of its Motion for Preliminary Injunction as to Standing, at p. 8). This, of course, is hogwash.  Southern Sales (the assignor of the '492 patent) expressly conveyed the '492 patent in two conflicting ways on the very same day: (1) to Atleisure and Yada Technology as co-owners; and (2) to Atleisure solely.  Simply because only one of these assignments was recorded in the PTO does not mean that the other simultaneous assignment magically disintegrated or became inoperative. *See generally* 35 U.S.C. § 261

(addressing rights of **_subsequent_** assignees of a patent after recordation of earlier assignment with the PTO).[3]

In the alternative, Atleisure asserts that a later business deal of Yada Technology invested Atleisure with standing to sue for infringement of the '492 patent in its own name, relying on a substantially redacted document (even the assignee's name is not revealed) entitled Membership Unit Assignment Agreement dated June 8, 2012.  (Ex. 5, Plaintiff's Brief in Opposition to Summary Judgment, at pp. 10-11; Ex. 6, Declaration of Robert G. Brazier in Opposition to Summary Judgment with attachments, at p. 20). In particular, Atleisure points to par. 6 of that agreement as constituting a formal release by Yada Technology of "all claims it otherwise might have had against Plaintiff" and asserts that, "as a result, since June 8, 2012, Plaintiff has owned all right, title, and interests in the patents…"  (Ex. 5, Plaintiff's Brief in Opposition to Summary Judgment, at pp. 10-11).  However, this self-serving characterization of the "Membership Unit Assignment Agreement" fails both factually and legally.

---

[3] Indeed, the absence of any explanation for the confusing and illogical simultaneous and conflicting assignments of the '492 patent leaves the distinct impression that such explanation would not benefit Atleisure since Atleisure would have certainly included any favorable explanation in its prior filed papers on the standing issue.

**Factually** the argument fails because the subject language is not a general or comprehensive release of claims, but rather a tightly focused and narrow release of shareholder rights in Atleisure (which is defined as the "Company" in that agreement).  Specifically, the language provides for a release by Yada Technology of claims or causes of actions related to "issues of or relating to the formation and operation of the Company," "rights as a Member of the Company," or "claims … relating in any way to the acquisition or operation of the Company." (Ex. 5, Plaintiff's Brief in Opposition to Summary Judgment, at § 6).  The release says nothing about relinquishing Yada Technology's rights in the '492 patent (or any other patent), and it is not fairly – or even colorably – interpreted in this way.  Rather, the release covers only corporate governance or formation grievances.  Because this release was executed less than a month after the assignment of the '492 patent to Yada Technology and Atleisure as co-owners, it is clear that had the parties intended this document to transfer or relinquish Yada Technology's '492 patent rights, they would have expressly said so.

**Legally**, the argument fails because, even had the release been general and comprehensive (which it was not), it still did not constitute an assignment of the '492 patent. Title 35 U.S.C. § 261 describes a patent assignment as an "assignment, grant or conveyance," and states similarly

10

that an owner may "grant or convey" an exclusive right under the patent. Nowhere does this statute – or any applicable law – provide for a valid patent assignment based on the type of release language relied on by Atleisure, or any release language for that matter. Atleisure can point to no controlling authority for the proposition that a release of corporate governance claims acts as an assignment of unidentified patent rights.

For these reasons, Atleisure does not possess the right to enforce the '492 patent in its own name, and this Motion should be granted.

**B. Atleisure does not Possess Standing to and Cannot Assert the '492 Patent as a Purported "Exclusive Licensee"**

Apparently realizing the tenuous nature of bringing suit alone on the '492 patent when the patent co-owner has not joined the suit, Atleisure alternatively alleges status as an exclusive licensee of the '492 patent.[4] Atleisure argued in the prior case that having "an exclusive, territorial license … confer[s] standing upon the licensee to sue for patent

---

[4] Complaint (Dkt. 1) filed in this action alleges at par. 18: "ATLeisure has exclusive rights in the '492 Patent, including the right to use and enforce the patent." Sunvilla contends that this allegation insufficiently pleads ownership or exclusive rights in the '492 patent as required by the Federal Rules. *Cf. SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (Discussing pleading standard in patent case). Sunvilla's understanding, based on the allegations set forth in par. 18, is that Atleisure purports to be an "exclusive licensee" of the '492 patent.

infringement." (Ex. 5, Plaintiff's Brief in Opposition to Summary Judgment, at p. 3). While it is true that grant of an exclusive license to a patent can conceivably encompass such a comprehensive collection of rights so as to permit suit by the exclusive licensee,[5] Atleisure's own admissions regarding its license to the '492 patent independently defeat any such assertion.

**First**, the Patent and Trademark License Agreement dated September 13, 2011, and relied on by Atleisure expired by its own terms upon the *earlier* of (1) July 31, 2013, or (2) the purchase of the underlying intellectual property through the exercise of an option by Yada Technology and Atleisure as co-purchasers. (Ex. 7, Patent and Trademark License Agreement, at § 4) Thus, at most, this license was for a term of less than two years. The license provided further that licensees Yada Technology and Atleisure lost the right to practice the '492 patent upon termination of the agreement. (*Id.*, at § 5). The right to practice a patent, which includes a temporal limitation, is not the equivalent of a patent assignment and does not permit the licensee to bring suit for infringement. As the court stated in *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1342-43 (Fed. Cir. 2006):

---

[5] The transfer of all substantial rights in a patent is a proxy for the status of being a patentee. *See Sicom*, 427 F.3d at 976; *Morrow*, 499 F.3d at 1332 n.6.

By having rights for only a limited portion of the patent term, [plaintiff] simply did not own the patent. It was merely an exclusive licensee without all substantial rights. The '747 patent was never assigned; it was exclusively licensed for only a fixed period of years, which does not meet the all substantial rights standard.

In fact, the option was exercised on May 24, 2012 (per the above assignments), so the license relied on by Atleisure to establish standing and a right to sue expired *over 8 years ago*. This license was never sufficient to grant Atleisure the right to sue for infringement and, having expired over 8 years ago, is now irrelevant to this suit.  *Cf.* 35 U.S.C. § 286 (limiting patent infringement damages to activities occurring not more than six years prior to filing of suit.)

**Second**, the license agreement by its own terms granted **joint** rights to practice and enforce the '492 patent in Atleisure and Yada Technology. (Ex. 7, Asset Purchase Agreement, at p. 1) (defining Yada Technology Group Company, Ltd. and Atleisure as "Licensees"); Ex. 5, Plaintiff's Brief in Opposition to Summary Judgment, at p. 11 ("The License Agreement entered into on September 13, 2011, granted jointly to Plaintiff and to its parent entity [Yada Technology] 'an exclusive, royalty-free license (the "License") to use the Licensed IP…")).[6]  How can a joint license to *two separate*

---

[6] Atleisure's original corporate name was "Southern Casual Living, LLC" and the license is in this name.  Plaintiff's corporate name was changed

13

***companies*** be in any way "exclusive"?  It cannot, and the case law relied on by Atleisure interpreting "exclusive licenses" is irrelevant here at least because there are multiple licensees.  Non-exclusive licensees that lack exclusionary rights under the patent statutes are not injured by a party that infringes the patent and lack constitutional standing to enforce the patent. *Morrow*, 499 F.3d at 1340.  "This standing deficiency cannot be cured by adding the patent title owner to the suit." *Morrow*, 499 F.3d at 1340.

**Third**, the license agreement at issue does not even grant to Atleisure (or co-licensee Yada Technology) the right to grant licenses themselves in the '492 patent without prior approval.  Rather, this right was reserved to the licensor, and neither licensee – Atleisure or Yada Technology – possessed a right to exclude others from using the patent during the license's brief period of existence (which ended in 2013).  Additionally, the license stated that, during its term, "all uses of the licensed IP by Licensees shall inure to the benefit of and shall be on behalf of licensors."  (Ex. 7, Asset Purchase Agreement, at § 6.a.)

Because the license relied on by Atleisure did not grant "all substantial rights" in the '492 patent, and did not grant to Atleisure a right to exclude,

---

to "Atleisure, LLC" in February, 2012. (Ex. 5, Plaintiff's Brief in Opposition to Summary Judgment, at p. 10).

Atleisure did not and does not have standing to sue for infringement. *E.g.,*
*Morrow*, 499 F.3d at 1341-42 (Held, dismissal is appropriate where plaintiff
"lacks an exclusive license, the exclusive right to license, and the right to
sublicense."); *id*. at 1342 (patent licensee did not have "standing to even
participate in the suit because the agreement did not clearly manifest that
the [patent] owner would refrain from granting a license to anyone else in the
particular area of exclusivity.")

## IV.       CONCLUSION

For the foregoing reasons, Defendant Sunvilla Corporation respectfully
requests that this Motion be in all things granted, and that this case be
dismissed or, in the alternative, that the Court grant 30 days for Yada
Technology (or its successor in interest) to join this suit as plaintiff and, if
Yada Technology (or its successor) does not so join, then this case be
dismissed, and for general relief.

Respectfully submitted this 14th day of January 2021.

MEUNIER CARLIN & CURFMAN LLC

/s/ Walter Hill Levie III
Walter Hill Levie III
Georgia Bar No. 415569
Stephen M. Schaetzel
Georgia Bar No. 628653
*tlevie@mcciplaw.com*
*sschaetzel@mcciplaw.com*
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

Of Counsel:
Steven Malin (*pro hac vice* pending)
Law Office of Steven Malin, PLLC
1400 Preston Rd, Suite 400
Plano, TX 75093
steve@malinlawfirm.com
Telephone: (214) 800-5117

***Counsel for Defendant
Sunvilla Corporation***

16

## **LOCAL RULE 7.1D CERTIFICATION**

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1B. The foregoing pleading was prepared on a computer using 13-point Century Schoolbook font.

Dated this 14th day of January 2021.

/s/ Walter Hill Levie III
Walter Hill Levie III

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 14th day of January 2021, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Date: January 14, 2021                   /s/ Walter Hill Levie III
                                         Walter Hill Levie III