**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ATLEISURE, LLC | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:20-cv-04662-TWT |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| SUNVILLA CORPORATION | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (Dkt. 013)**

Plaintiff ATLeisure, LLC ("ATLeisure"), hereby responds to Defendant Sunvilla Corporation's ("Sunvilla") Motion to Dismiss Plaintiff's Complaint (Dkt. 13), and in opposition thereof ATLeisure shows the Court as follows:

Sunvilla argues, contrary to the well-pleaded allegations, that ATLeisure does not have sufficient standing to bring this action because it is allegedly a co-owner of the '492 patent. As set forth herein, ATLeisure is the sole owner of the '492 patent, but even if it were at one time a co-owner, constitutional standing exists. While Sunvilla's motion also refers to "statutory standing," the Supreme Court and the Federal Circuit have clarified that where constitutional standing exists, as it does here, Sunvilla's challenge should be analyzed under Rule 19, which Sunvilla fails to do. However, to

ensure the issue is properly addressed, if ATLeisure were deemed a co-owner, an analysis of Rule 19 confirms Yada Technology is neither necessary nor indispensable. ATLeisure has confirmed that Yada Technologies, Inc., the alleged co-owner of the '492 patent, no longer exists and cannot assert any alleged rights in the '492 patent, rendering moot any argument that the failure to include it could lead to multiple lawsuits. Alternatively, finding a defunct Chinese company that has never claimed an interest in or asserted the '492 patent necessary and indispensable would hinder ATLeisure's own rights to the '492 patent. Given the applicable standards, the allegations and evidence herein defeat a motion to dismiss.

I. ATLEISURE IS THE OWNER OF THE '492 PATENT.

The rights to the '492 patent were originally assigned to Southern Sales & Marketing Group, Inc. ("Southern Sales") on November 12, 2009. Sunvilla does not dispute this fact. (Dkt. 13-1, p. 5.) On August 27, 2011, Yada Technology Group Company, Ltd. ("Yada Technology") and Southern Casual Living, which was subsequently renamed ATLeisure, provided a letter of intent to purchase the umbrella business from Southern Sales, listing Southern Casual Living as the "Buyer." (Exhibit A, the Declaration of William Browne, ¶4.) On May 24, 2012, ATLeisure and Yada Technology completed payment on the asset purchase from

Southern Sales and exercised an option to purchase a group of patents and trademarks for Southern Sales' umbrella business – including the '492 patent. (Ex. A, ¶6.) At the time, Yada Technology owned all membership units of ATLeisure. (Ex. A, ¶3.) While the assignment agreement listed both ATLeisure and Yada Technology - both parties in the separate asset purchase agreement – another assignment on the same date clarifies that the '492 patent (and the other patents associated with the option) were assigned to and owned solely by ATLeisure. (Ex. A, ¶7.)

Sunvilla argues that ATLeisure admits Yada Technology is a co-owner. (Dkt. 13-1, p. 7.) ATLeisure has made no such admission. From the outset of the transaction, starting with the letter of intent, ATLeisure was recognized by the parties as the true "buyer" of the umbrella business from Southern Sales. (Ex. A, ¶4.) The assignment to only ATLeisure was prepared with the knowledge and consent of Yada Technology, establishing that ATLeisure is the owner and the only entity with the right to use, license and enforce the '492 patent. (Ex. A, ¶¶7-9.) The parties' intent for ATLeisure to be the sole owner of the '492 patent is also reflected by the assignment with the USPTO listing only ATLeisure as the owner. (*Id*.) The USPTO assignment was recorded on the same date as the assignment, May 24, 2012. Importantly, at that time ATLeisure was owned and controlled by Yada

Technology, which directed ATLeisure to record the assignment in the USPTO showing ATLeisure as the sole owner. (Ex. A, ¶9.) As set forth in the USPTO assignment and in the Browne Declaration, ATLeisure is the sole owner of the '492 patent.

On June 8, 2012, Yada Technology (the sole owner of ATLeisure) sold 100% of the membership units of ATLeisure to third party Urserendipatio. (Ex. A, ¶10.) The parties understood that the intellectual property transferred by Southern Sales and Harbaugh on May 24, 2012, was owned by ATLeisure at the time, as reflected by the assignment to only ATLeisure with Yada Technology's knowledge, consent and direction. (Ex. A, ¶¶9, 11.) Yada Technology also executed a release in favor of ATLeisure in association with the ATLeisure sale, releasing any claims related in any way to the acquisition or the operation of ATLeisure to date. (Ex. A, ¶11.) Ownership of the membership units of ATLeisure have changed hands since, but ATLeisure has consistently owned, used, licensed and enforced the '492 patent since May 24, 2012. (Ex. A, ¶12.) At no time has Yada Technology ever claimed any interest in the '492 patent or asserted the '492 patent. (*Id*.) After selling its interest in ATLeisure, Yada Technology was sold to an individual who has since passed away. (Ex. A, ¶13.) Yada Technology went through bankruptcy in China and is no longer authorized to do business under Chinese law. (*Id*.) Even accepting

Sunvilla's argument, which is contrary to the evidence, if Yada Technology was ever a co-owner, it no longer exists and cannot bring suit, license or enforce the '492 patent. In the context of a motion to dismiss, where the Court must accept "the allegations in the complaint as true and [construe] them in the light most favorable to the plaintiff," there is no basis to conclude ATLeisure is a co-owner of the '492 patent and to dismiss the action. *See Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011). The motion should be denied in its entirety.

## II. STANDING ONLY REQUIRES AN ALLEGATION OF EXCLUSIONARY RIGHTS AND INFRINGEMENT.

Federal court jurisdiction requires constitutional standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The Federal Circuit has recognized that "those who possess 'exclusionary rights' in a patent suffer an injury when their rights are infringed." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019). At the pleadings stage, one need only allege "that it possesses exclusionary rights and that [Defendant] infringe those rights." *Lone Star*, 925 F.3d at 1234.

Constitutional standing cannot be disputed in this case. ATLeisure has alleged that it owns exclusive rights in the '492 patent and that Sunvilla has infringed those rights. (*See, e.g.*, Dkt. 1, ¶¶2, 17, 28.) As such, ATLeisure has alleged

"that it possesses exclusionary rights and that [Defendant] infringe those rights," establishing constitutional standing. *See Lone Star*, 925 F.3d at 1234. Ironically, even Sunvilla's theory that ATLeisure is a co-owner of the '492 patent[1] establishes constitutional standing, because a co-owner enjoys exclusionary rights, including the right to license others. *See Bellehumeur v. Bonnett*, 127 Fed. Appx. 480, 483 (Fed. Cir. March 8, 2005); *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1344 (Fed. Cir. 2007) ("the right to license third parties is an important patent right because implicit in the right to exclude is the right to waive that right."). Thus, while ATLeisure contends there is no basis to conclude it is a co-owner of the '492 patent, even if this were true, ATLeisure necessarily owns exclusive rights in the '492 patent and has alleged that Sunvilla has infringed those rights. (*See, e.g.*, Dkt. 1, ¶¶2, 17, 28.) Whether as an owner, or even under Sunvilla's co-owner theory, constitutional standing exists.

## III. RULE 19 DOES NOT REQUIRE DISMISSAL.

### A. Because Standing is Proper, A Rule 19 Analysis Controls.

Sunvilla argues that ATLeisure cannot establish "statutory standing," but the recent Federal Circuit opinion in *Lone Star* (applying recent Supreme Court

[1] Dkt. 13-1, p. 1 ("Atleisure's own ownership records show that the '492 patent is co-owned…"); Sunvilla's motion attaches the USPTO recordation of the assignment of the '492 patent to ATLeisure at Dkt. 13-4.

law) recognizes that "so-called 'statutory standing' defects do not implicate a court's subject-matter jurisdiction." *Lone Star*, 925 F.3d at 1235. Instead, Sunvilla's challenge is under Rule 12(b)(6) and properly analyzed under Rule 19, the application of which is subject to the Court's discretion. *See Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) (dismissal under Rule 19 for failure to join an indispensable party is within the Court's discretion.)

Courts have recognized "a general rule" that co-owners of a patent are required to file suit, relying primarily on cases following the decision in *Ethicon v. U.S. Surgical Corp.*, 135 F. 3d 1456, 1467 (Fed. Cir. 1998). *See Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007); *SourceOne Glob. Ptnrs., LLC v. KGK Synergize, Inc.*, No. 08 C 7403, 2009 U.S. Dist. LEXIS 56061, at *10 (N.D. Ill. June 29, 2009). The logic of the *Ethicon* line of cases is primarily the concern that litigation and prospective relief by one co-owner can be thwarted where another co-owner has the right to license patent use but not release the past infringement on behalf of another co-owner. *See Ethicon*, 135 F. 3d at 1467.

However, there are exceptions to this "general" rule that have been applied by the Federal Circuit and various district courts, in particular where the court properly considered Rule 19. For example, in *Dainippon Screen* the Federal Circuit reversed a dismissal based on the failure to include a patent owner that was a

related entity to the named party, citing the failure to perform an analysis under Rule 19 and a determination that the involvement of the patent owner would not change the action. *See, e.g.*, *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998); *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC, 2006 U.S. Dist. LEXIS 21662, at *9 (N.D. Cal. Mar. 30, 2006) (recognizing that under Rule 19 a co-owner is not necessarily indispensable). In *SourceOne*, the Northern District of Illinois considered whether a declaratory judgment action could proceed where the other co-owner – the U.S. Government – could not be joined as a party. The *SourceOne* decision ultimately refused to dismiss the action, despite the exclusion of the co-owner of the patent-in-suit. 2009 U.S. Dist. LEXIS 56061, at *15. If ATLeisure is deemed a co-owner, one must analyze the facts under Rule 19 to consider Sunvilla's motion to dismiss.

B. <u>The Rule 19 Analysis Requires Denial.</u>

If the Court finds that ATLeisure is the sole owner of the '492 patent, the motion to dismiss must be denied. Alternatively, if Yada Technology were determined to have been a co-owner of the '492 patent, it is neither necessary nor indispensable. Notably, "moving party has the burden to establish that an absent party is necessary and indispensable," but beyond arguing the issue of standing, Sunvilla does not specifically address the factors under Rule 19 as required. *See*

*Abbott Point of Care, Inc. v. Epocal, Inc.*, Civil Action No. CV-08-S-543-NE, 2008 U.S. Dist. LEXIS 125638, at *8 (N.D. Ala. June 23, 2008). In determining whether a party should be joined if feasible, "pragmatic concerns, especially the effect on the parties and the litigation, control." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982).

With respect to Rule 19(a)(1), there is no pragmatic reason why the Court cannot resolve ATLeisure's claims (i.e. infringement, damages and injunctive relief) regardless of the participation of Yada Technology. Yada Technology has never claimed any interest in the '492 patent—to the contrary, it owned and controlled ATLeisure at the time of the assignment and directed ATLeisure to record the assignment in the USPTO reflecting ATLeisure as the sole owner of the '492 patent. (Ex. A, ¶¶8-9.) While Sunvilla argues one concern is the prevention of multiple infringement lawsuits, this is not a valid theory as Yada Technology no longer exists and therefore cannot pursue an action. (*Id*., ¶13.) Even if the Court were to determine Yada Technology necessary, there is no evidence that it is or ever has been subject to service of process. Indeed, because Yada Technology no longer exists it cannot be served with process, thus it cannot be joined in this action. (*Id.*)

If the Court determined (a) that Yada Technology was a co-owner and (b) is required to be joined, the Court must still consider whether it is indispensable. In analyzing this issue, the Court must evaluate the enumerated considerations in Rule 19(b) to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). Consideration (1) weighs against dismissal. As the advisory committee notes recognize, the inquiry is "[w]ould any party be exposed to a fresh action by the absentee [party], and if so, how serious is the threat?" *Id.*, citing to Fed. R. Civ. P. 19 advisory committee's notes. Yada Technology has never in the past years contended itself an owner of the '492 patent or asserted any claim thereunder. (Ex. A, ¶12.) Moreover, Yada Technology went through bankruptcy in China and no longer exists, rendering the concern for a second suit impossible. (*Id.*, ¶13.) Consideration (2) weighs against dismissal. Yada Technology would not be prejudiced because it has never articulated an ownership claim over the '492 patent, but if it did an injunction against Sunvilla would benefit rather than prejudice it. Consideration (3) is more concerned about whether a judgment can reach the absent party, but that is not a concern here because a finding as to the patent will be reported to the USPTO (AO 120) and available to the public.

Finally, consideration (4) weighs heavily against dismissal. If Yada Technology is deemed necessary and indispensable, ATLeisure may have no way of enforcing its patent rights. Yada Technology's most recent owner is deceased and the company itself no longer exists and cannot conduct any business. (Ex. A, ¶13.) There is no dispute that ATLeisure is the owner of the '492 patent (Dkt. 13-1, p. 1), but those rights could be rendered meaningless by virtue of a determination that Yada Technology, a Chinese entity no longer in existence, is a necessary and indispensable party. There is no other jurisdiction where Yada Technology could be included in suit, nor a way to involuntarily join this former entity. To doom properly granted patent rights in this way, through no fault of ATLeisure, is neither equitable nor in good conscience. The Court should deny Sunvilla's motion.

## IV. CONCLUSION

As acknowledged through the recordation of the '492 patent assignment and the evidence herein, ATLeisure is the sole owner of the '492 patent. Yada Technology owned and controlled ATLeisure in 2012, knew of and consented to an assignment to ATLeisure of the '492 patent, and directed the filing of the assignment in the USPTO. From a practical perspective, Yada Technology no longer exists, has never attempted to assert the '492 patent, and never will do

so. To deem Yada Technology, in the Court's discretion, necessary and indispensable, is neither equitable nor in good conscience. The motion to dismiss should be denied.

Respectfully submitted, February 18, 2021.

By: */s/ Ryan T. Santurri*
Ryan T. Santurri (Pro Hac Vice)
Florida Bar No. 15698
Email: rsanturri@allendyer.com

ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32801
407.841.2330

Jeffrey T. Breloski, Trial Counsel
Georgia Bar No. 858291
Florida Bar No. 18077
E-mail: jbreloski@ATLawip.com

ATLAW*IP* LLC
1265 Stuart Ridge
Johns Creek, Georgia 30022
678.667.3491

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Century Schoolbook 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

*/s/ Ryan T. Santurri*
Ryan T. Santurri (Pro Hac Vice)
Florida Bar No. 15698
USPTO Reg. No. 61,894
Email: rsanturri@allendyer.com

**CERTIFICATE OF SERVICE**

I also certify that I have electronically filed a copy of the foregoing and understand that notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and that parties may access this filing through the CM/ECF system.

Dated: February 18, 2021

*/s/ Ryan T. Santurri*
Ryan T. Santurri (Pro Hac Vice)
Florida Bar No. 15698
USPTO Reg. No. 61,894
Email: rsanturri@allendyer.com