**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ATLEISURE, LLC | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No. 1:20-cv-04662-TWT |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SUNVILLA CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SUNVILLA CORPORATION'S BRIEF IN**
**SUPPORT OF ITS MOTION FOR ENTRY OF**
**<u>PROTECTIVE ORDER WITH PROSECUTION BAR</u>**

## <u>TABLE OF CONTENTS</u>

I.   Introduction ................................................................................ 1

II.  Entry of the Proposed Protective Order with a Prosecution Bar is
     Appropriate in this Case ....................................................... 4

     A.  There is a Significant Risk That Atleisure's Counsel Will Use
         Sunvilla's Proprietary Competitive Information to Amend or Alter
         Atleisure's Patent Claims ................................................. 5

     B.  The *Deutsche Bank* Criteria are Met .................................... 9

         1.  The Information Designated in the Prosecution Bar
             is Reasonable ......................................................... 10

         2.  The Subject Matter Covered in the Prosecution Bar
             is Reasonable ......................................................... 11

         3.  The Duration of the Prosecution Bar is Reasonable ...................... 11

         4.  The Scope of Activities Covered in the Prosecution Bar
             is Reasonable ......................................................... 12

III. Atleisure Cannot Show There Is Any Basis For Exemption .............. 14

     A.  Any Attorney That Meets the Narrow Criteria for Being Subject
         to the Prosecution Bar Is Likely to Be Involved in Competitive
         Decisionmaking for Atleisure ............................................ 15

     B.  The Potential Injury to Sunvilla From the Misuse of its Highly
         Confidential Information Far Outweighs Any Harm to Atleisure
         From Restricting Its Choice of Counsel .................................. 15

IV.  Good Cause Exists For the Remaining Terms of the
     Protective Order ........................................................... 17

V.   Conclusion ................................................................ 17

i

# TABLE OF AUTHORITIES

## Cases

*Ameranth, Inc. v. Pizza Hut, Inc.*,
  2012 WL 528248 (S.D. Cal. Feb. 17, 2012).................................... 8, 11, 12

*Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*,
  2011 WL 197811 (N.D. Cal. Jan. 20, 2011)......................................... 10, 11

*British Telecom. PLC v. IAC/InterActiveCorp.*,
  330 F.R.D. 387 (D. Del. 2019) .................................................. 13, 14, 15, 16

*Commissariat A L'Energie Atomique v. Dell Computer Corp.*,
  2004 WL 1196965 (D. Del. May 25, 2004).................................................... 7

*DeCurtis, LLC v. Carnival Corp.*,
  2021 WL 38265 (S.D. Fla 2021) ........................................... 9, 10, 12, 13, 14

*Eon Corp. IP Holdings, LLC v. AT&T Mobility LLC*,
  881 F. Supp. 2d 254 (D.P.R. 2012)............................................................. 10

*EPL Holdings, LLC v. Apple Inc.*,
  2013 WL 2181584 (N.D. Cal. May 20, 2013)........................................... 13

*F.T.C. v. Sysco Corp.*,
  83 F. Supp. 3d 1 (D.D.C. 2015) ................................................................... 9

*Finjan, Inc. v. ESET, LLC*,
  2017 WL 6557760 (S.D. Cal. Dec. 21, 2017)........................................... 4, 5

*Front Row Techs., LLC v. NBA Media Ventures, LLC*,
  125 F. Supp. 3d 1260 (D.N.M. 2015) ................................................... 11, 16

*Grobler v. Apple Inc.*,
  2013 WL 3359274 (N.D. Cal. May 7, 2013)............................................. 12

*In re Deutsche Bank Tr. Co. Americas*,
  605 F.3d 1373 (Fed. Cir. 2010) ........................................................passim

*In re Papst Licensing, GmbH, Patent Litig.*,
 2000 WL 554219 (E.D. La. May 4, 2000) ................................................... 7

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
 2014 WL 6629431 (N.D. Cal. Nov. 21, 2014) ....................................... 6, 11

*Kelora Sys., LLC v. Target Corp.*,
 2011 WL 6000759 (N.D. Cal. Aug. 29, 2011) ........................................... 12

*Shared Memory Graphics, LLC v. Apple, Inc.*,
 2010 WL 4704420 (N.D. Cal. Nov. 12, 2010) ........................................... 12

*Telebuyer, LLC v. Amazon.com, Inc.*,
 2014 WL 5804334 (W.D. Wash. July 7, 2014)........................................... 12

*Voice Domain Techs., LLC v. Apple, Inc.*,
 2014 WL 5106413 (D. Mass. Oct. 8, 2014) ................................................. 8

## I.    Introduction

Defendant Sunvilla Corporation ("Sunvilla") respectfully requests that the Court enter the proposed protective order, filed herewith as Exhibit A, to provide confidentiality protections, including a prosecution bar. Specifically, the prosecution bar would prevent Plaintiff Atleisure, LLC's ("Atleisure") litigation counsel from using Sunvilla's highly confidential technical information regarding future or unreleased products—produced by Sunvilla during discovery in the present case—in prosecution of Atleisure's patent applications or amendments to any of Atleisure's patent claims (including in a post-grant proceeding). The parties agree to all provisions of the protective order other than inclusion of a prosecution bar.

Good cause exists for a prosecution bar. Atleisure has sued Sunvilla for alleged patent infringement pertaining to the sale of outdoor cantilevered umbrellas. Notably, the parties are direct competitors in the field of outdoor umbrellas. Atleisure is represented in this litigation by two law firms—one handles prosecution of Atleisure's patents, and the other is defending Atleisure in the *Inter Partes* Review ("IPR") proceedings filed before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office

1

("PTO") on January 13, 2021, by third party Zhejiang Zhengte Co. Ltd.[1]

There is a substantial risk that, absent the requested prosecution bar, Atleisure's litigation counsel—even unknowingly—may use knowledge of Sunvilla's confidential technical information, gained through the litigation process, to inform Atleisure's patent prosecution strategy, including amendment of patent claims. For example, Atleisure will presumably continue to prosecute its pending patent applications directed to outdoor cantilevered umbrellas, including amendments to those pending claims. Atleisure may also file new patent applications before the PTO and foreign patent offices, with newly drafted claims. Yet further, in the IPR, Atleisure may amend the claims of the '492 patent. These foregoing activities, at minimum, demonstrate that a narrowly-tailored prosecution bar, as proposed by Sunvilla, is necessary.

Sunvilla proposes the following prosecution bar:

### 14.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY PROSECUTION BAR material comprising technical information (a "Barred Person") shall not be involved in the prosecution of patents or patent applications relating to outdoor cantilevered umbrellas, including, without limitation, the patents asserted in this action and any patent or application claiming

---

[1] Zhejiang Zhengte Co. Ltd is not a party to this case, and Sunvilla is not a participant in the referenced IPR. However, that IPR proceeding seeks invalidation of the '492 patent, the same patent asserted against Sunvilla here.

2

priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party, whether the patent owner, the patent challenger, or a third party, in a proceeding involving a challenge to a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, post-grant review, ex parte reexamination or inter partes review), but Barred Persons (including counsel for the Receiving Party) may not participate, directly or indirectly, in drafting or advising on any amendments or alterations to any patent claim(s) in such proceedings. This Prosecution Bar shall begin when access to HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY PROSECUTION BAR technical information is first received by the affected individual and shall end two (2) years after final termination of this action.

(Ex. A, ¶ 14.) Sunvilla's proposed protective order further provides: "Materials will only be designated HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY PROSECUTION BAR if such materials relate to technical or research and development information for products that are not publicly known." (*Id.* ¶ 7(c).)

Sunvilla's proposed protective order, which includes a prosecution bar, strikes the correct balance. In particular, the proposed prosecution bar precludes the parties' counsel from advising or participating in potential claim amendments, but is limited in scope to the field of outdoor cantilevered

umbrellas. Yet further, the designation of materials as "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY PROSECUTION BAR" is reserved specifically for materials related to future or unreleased products. Sunvilla does not, as a general matter, seek to bar litigation counsel from participating in the defense of the current or any future IPR. Sunvilla also does not seek to bar a team from one or both of Atleisure's law firms, consisting of attorneys who refrain from accessing Sunvilla's highly confidential materials subject to the prosecution bar, from prosecuting Atleisure's patent applications and/or amending patent claims in an IPR proceeding. Sunvilla merely requests that those specific attorneys in this case, who access its highly confidential materials subject to the prosecution bar, be barred from such activities (*i.e.*, ones affecting the scope of any patent claim(s)).

Sunvilla submits that the protective order, including the prosecution bar, should be entered as Sunvilla has proposed, and the remaining provisions, which have all been agreed upon by the parties, should be entered as well.

## II.   Entry of the Proposed Protective Order with a Prosecution Bar is Appropriate in this Case

The purpose of a prosecution bar is "to guard against the risk of inadvertent disclosure that may arise when litigation counsel with access to an opposing party's confidential information also prosecutes patents before the

[PTO] on behalf of the client." *Finjan, Inc. v. ESET, LLC*, 2017 WL 6557760, at *2 (S.D. Cal. Dec. 21, 2017) (citing *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377-78 (Fed. Cir. 2010)). A party seeking imposition of a patent prosecution bar must show that (1) the information designated to trigger the bar, (2) the scope of activities prohibited by the bar, (3) the duration of the bar, and (4) the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. *Deutsche Bank*, 605 F.3d at 1381. Here, the risk of disclosure is significant, and the proposed prosecution bar is narrowly tailored based on the four *Deutsche Bank* factors, in order to address that risk, while also minimizing any potential inconvenience to Atleisure.

### A. There is a Significant Risk That Atleisure's Counsel Will Use Sunvilla's Proprietary Competitive Information to Amend or Alter Atleisure's Patent Claims

The facts here show that Atleisure's attorneys are likely to become involved in "competitive decisionmaking," defined as: "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Deutsche Bank*, 605 F.3d at 1379.

Atleisure is currently represented in this litigation by the ATLawIP and

5

Allen Dyer law firms. Counsel for Atleisure has advised that the ATLawIP firm is currently handling, or in the future will handle, patent prosecution before the PTO for Atleisure, and that the Allen Dyer firm will handle the IPR activities (before the PTAB at the PTO). (Exhibit B (email from R. Santurri).) Both of these roles pose a significant risk that Sunvilla's highly confidential information regarding future or unreleased products will be misused.

Patent prosecutors that are "substantially engaged with prosecution"[2] for their clients are "competitive decisionmakers." *Deutsche Bank*, 605 F.3d at 1380. Accordingly, when patent prosecutors represent a litigant who is pursuing patent infringement claims and is in a position to file new applications, courts have held that a prosecution bar is appropriate to avoid the risk of inadvertent use. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2014 WL 6629431, at *3 (N.D. Cal. Nov. 21, 2014) ("[A]llowing KSEA's counsel to have access to Stryker's confidential information about camera and operating room technology while simultaneously continuing to amend or

---

[2] "Such involvement may include obtaining disclosure materials for new inventions and inventions under development, investigating prior art relating to those inventions, making strategic decisions on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or continuations-in-part of applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution." *Deutsche Bank*, 605 F.3d at 1380.

otherwise prosecute patents in the same field is just the type of unfair competitive advantage that a prosecution bar is designed to avoid."); *In re Papst Licensing, GmbH, Patent Litig.*, 2000 WL 554219, at *4 (E.D. La. May 4, 2000) ("[I]t is clear that the advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decisionmaking activity.")

Here, the possibility that highly confidential information and documents will be produced in discovery that could be misused by Atleisure's counsel—even if unintentionally—cannot be disputed. Sunvilla and Atleisure are direct competitors in the field of outdoor cantilevered umbrellas, which is the subject matter of Atleisure's asserted '492 patent. Sunvilla reasonably fears that Atleisure will use the information Atleisure obtains in discovery from this action to amend patent claims or draft further patent claims targeted at Sunvilla's future or unreleased products.

Potential use of Sunvilla's competitive information in prosecuting original patent applications in the same technical field is clear. *Cf. Commissariat A L'Energie Atomique v. Dell Computer Cor*p., 2004 WL 1196965 at *3 (D. Del. May 25, 2004) (upholding bar prohibiting prosecuting patents in the field of technology involved in the litigation). Courts have also recognized "that even in a reexamination proceeding, a patent owner can use confidential

7

information to restructure or amend its claims so as to improve its litigation position against alleged infringers," which is what a prosecution bar is intended to prevent. *Voice Domain Techs., LLC v. Apple, Inc.*, 2014 WL 5106413, at \*9 (D. Mass. Oct. 8, 2014) (internal quotations omitted). When any Atleisure counsel amends Atleisure's claims during patent prosecution and/or IPR proceedings (a type of post-grant proceeding), such activities constitute the type of "competitive decisionmaking" that present a serious risk for misuse of Sunvilla's confidential information. A prosecution bar is necessary, in order to prevent those same Atleisure attorneys from having access to Sunvilla's highly confidential information regarding future or unreleased Sunvilla products.

Atleisure's position is that Sunvilla is sufficiently protected by the version of the protective order that does not include a prosecution bar because it "already precludes [Atleisure counsel] from using anything disclosed for any purpose beyond the litigation." (Exhibit B (email from R. Santurri).) However, a key function of a prosecution bar is to guard against the *unintentional* use of confidential technical information learned during litigation. In other words, once litigation counsel learns competitively valuable information, it becomes difficult or impossible for that same counsel to forget such valuable information of the competitor when put in a decisionmaking role for his or her client. *See Ameranth, Inc. v. Pizza Hut, Inc.*, 2012 WL 528248, at \*7 (S.D. Cal. Feb. 17,

8

2012) ("The purpose of the bar is to prevent inadvertent disclosure of confidential information. A two-year bar fulfills this purpose more so than a one-year bar, as the confidential information will be less readily available in the memory of counsel."). The bar thus recognizes the inherent "risk that such information will be used or disclosed inadvertently because of the lawyer's role in the client's business decisions." *DeCurtis, LLC v. Carnival Corp.*, 2021 WL 38265 at \*5 (S.D. Fla 2021) (quoting *F.T.C. v. Sysco Corp.*, 83 F. Supp. 3d 1, 3-4 (D.D.C. 2015)). And this risk of unintentional disclosure is heightened where "trial counsel also represents the same client in prosecuting patent applications before the PTO." *See Deutsche Bank*, 605 F.3d at 1379; *DeCurtis*, 2021 WL 38265 at \*5 (Entering prosecution bar when "a law firm routinely prosecutes patent applications on behalf of a client in the same technical area that is the subject matter of a collateral proceeding."). Notably, the ATLawIP firm has previously represented Atleisure in obtaining U.S. patents, including ones directed to outdoor cantilevered umbrellas, the same technical field as the '492 patent asserted in this case. (*See, e.g.*, Exhibit C (U.S. patent no. 9,655,417) at Fig. 4; Assignee: Atleisure, LLC; Attorney, Agent or Firm: ATLawIP and Jeffrey Breloski.)

### B. The *Deutsche Bank* Criteria are Met

Given that there is a risk to Sunvilla in view of the disclosure of its highly

confidential technical information pertaining to future or unreleased products, the next question is whether the proposed prosecution bar reasonably reflects that risk based on the four criteria articulated in *Deutsche Bank*: (1) the information designated to trigger the bar, (2) the scope of activities prohibited by the bar, (3) the duration of the bar, and (4) the subject matter of the bar.

## 1. The Information Designated in the Prosecution Bar is Reasonable

In the proposed protective order, the prosecution bar is triggered when attorneys access "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY PROSECUTION BAR" material comprising technical or research and development information for products that are not publicly known. (*See* Ex. A, ¶¶ 7(c), 14.) Courts have found this to be a reasonable basis for triggering a prosecution bar. *See, e.g., Eon Corp. IP Holdings, LLC v. AT&T Mobility LLC*, 881 F. Supp. 2d 254, 258 (D.P.R. 2012); *DeCurtis*, 2021 WL 38265 at *6 ("[H]ighly confidential or technical information … almost always triggers a prosecution bar."); *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) ("[C]onfidential technical information … is clearly relevant to a patent application and thus may pose a heightened risk of inadvertent disclosure.").

10

### 2. The Subject Matter Covered in the Prosecution Bar is Reasonable

The subject matter of the prosecution bar is reasonable and appropriately limited to technology relating to outdoor cantilevered umbrellas, which is the subject matter of the patent-in-suit. In fact, Sunvilla's proposed prosecution bar is the standard benchmark for reasonableness in the scope of a patent prosecution bar. *See Applied Signal*, 2011 WL 197811, at *3 ("[T]he proper subject matter of the proposed prosecution bar in this case should be coextensive with the subject matter of the patents-in-suit."). Certain courts have broadened the permissible subject of a prosecution bar to include patent claims that "relate to the subject matter of [the] action." *Karl Storz*, 2014 WL 6629431, at *3 (cleaned up). The proposed subject matter—outdoor cantilevered umbrellas—meets both of these tests.

### 3. The Duration of the Prosecution Bar is Reasonable

The proposed prosecution bar would last for two years after the final termination of this action, which has been found reasonable by many courts. *See, e.g., Ameranth,* 2012 WL 528248, at *7 (Approving of two year prosecution bar because information "will be less readily available in the memory of counsel."); *Front Row Techs., LLC v. NBA Media Ventures, LLC*, 125 F. Supp. 3d 1260, 1283 (D.N.M. 2015) (citing cases); *see also Applied Signal*, 2011 WL

11

197811, at *2 (finding that a two-year post-litigation bar was reasonable); *Kelora Sys., LLC v. Target Corp.*, 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011) (finding a two-year prosecution bar to be reasonable).

### 4. The Scope of Activities Covered in the Prosecution Bar is Reasonable

Courts have allowed prosecution bars on activities closely associated with patent prosecution. In *Kelora Sys.*, for example, the court described a proposed prohibition on "directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims" as "appropriately limited." 2011 WL 6000759, at *7. A certain line of older cases held that while a prosecution bar was appropriate for routine patent prosecution and also patent reissue proceedings, it was not appropriate for patent reexamination proceedings. *See generally DeCurtis*, 2021 WL 38265 at *7-8 (discussing *Ameranth*). However, a "newer line of cases recognizes that even in a reexamination proceeding, a patent owner can use confidential information to restructure or amend its claims so as to improve its litigation position against alleged infringers." *Id.* (quoting *Telebuyer, LLC v. Amazon.com, Inc.*, 2014 WL 5804334, at *6 (W.D. Wash. July 7, 2014)); *see also Shared Memory Graphics, LLC v. Apple, Inc.*, 2010 WL 4704420, at *3 (N.D. Cal. Nov. 12, 2010); *Grobler v. Apple Inc.*, 2013 WL 3359274, at *2 (N.D. Cal.

May 7, 2013) (extending prosecution bar to cover reexamination, in a limited form); *EPL Holdings, LLC v. Apple Inc.,* 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013) (prohibiting counsel "from assisting in any crafting or amendment of patent claims").

These newer decisions recognize that drafting, amending, restructuring, or otherwise participating in reexamination proceedings may constitute "competitive decisionmaking," as the Federal Circuit contemplated in *Deutsche Bank*. 605 F.3d at 1378-79. "Thus, more recent cases have prohibited 'litigation counsel who have access to the opposing party's confidential information from participating in any way in post-grant proceedings regarding the same patents that were at issue in the litigation.'" *DeCurtis*, 2021 WL 38265 at *7 (quoting *British Telecom. PLC v. IAC/InterActiveCorp.*, 330 F.R.D. 387, 396 (D. Del. 2019)).

The *British Telecom.* case is instructive. In that case, the defendant requested inclusion in a protective order of a term barring any patent owner attorney who obtained access to the defendant's confidential materials from drafting or amending claims in any post-grant review of the patent, including in any IPR proceeding. 330 F.R.D. at 395. The plaintiff sought permission for its litigation counsel to fully participate in any IPR, including in the amending of patent claims. *Id*. After a thorough review of authorities on both sides of the

issue, the *British Telecom.* court stated:

> [There is] risk entailed in permitting litigation counsel who have had access to confidential information to participate in drafting and amending claims in post-grant review proceedings. That is because claims can be narrowed in a way that preserves their validity but still covers products of the defendants. That risk, while not grave, is still great enough to warrant the modest protection of barring litigation counsel from participating in the amendment process.

*Id.* at 398; *accord DeCurtis*, 2021 WL 38265, at *8.

Because the danger sought to be avoided by the prosecution bar—the use of Sunvilla's highly confidential information regarding future or unreleased products, in order to draft or modify patent claims—applies equally to patent prosecution and the amendment of claims in post-grant proceedings (including IPRs), entry of the requested protective order with a prosecution bar is appropriate.

## III.   Atleisure Cannot Show There Is Any Basis For Exemption

Once a moving party has shown the proposed prosecution bar reasonably reflects the risk of disclosures, the burden shifts to the opposing party to show why any individual attorney should be exempt from the bar. *See Deutsche Bank*, 605 F.3d at 1381. Atleisure must show "on a counsel-by-counsel basis" that (1) each lawyer that will represent it "in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject

14

matter of the litigation" and (2) "the potential injury to the [party requesting exemption] from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use." *Id*. Atleisure cannot show either.

## A. Any Attorney That Meets the Narrow Criteria for Being Subject to the Prosecution Bar Is Likely to Be Involved in Competitive Decisionmaking for Atleisure

It would be difficult, if not impossible, for Atleisure's counsel to show that their representation of Atleisure before the PTO does not "implicate competitive decisionmaking" for Atleisure on the subject matter of this litigation. As the *Deutsche Bank* court explained, any attorneys who play a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios" or "strategically amending or surrendering claim scope during prosecution" are "not likely [to] be properly exempted from a patent prosecution bar." *Deutsche Bank*, 605 F.3d at 1379-80.

## B. The Potential Injury to Sunvilla From the Misuse of its Highly Confidential Information Far Outweighs Any Harm to Atleisure From Restricting Its Choice of Counsel

A prosecution bar that allows the patent holder's counsel to either have access to an opposing party's confidential material or participate in amending or altering claims, but not both, may be an "inconvenience" for the patent holder but it hardly "rise[s] to the level of severe prejudice." *British Telecom.*,

330 F.R.D. at 395. There has been a clear "trend of recent decisions by courts" adopting this approach. *Id.* at 398 (collecting cases). Courts have entered prosecution bars under circumstances that were far more onerous to a patent holder than that faced by Atleisure. *See, e.g., Front Row Techs., LLC v. NBA Media Ventures*, LLC, 125 F. Supp. 3d 1260, 1295 (D.N.M. 2015) (despite finding patent holder would "face significant difficulty" replacing counsel who were "intimately familiar" with technology in a "highly specialized area with a steep learning curve," the court nevertheless barred counsel from representing client in litigation and before the PTO at the same time).

Sunvilla has a very concrete concern that Atleisure will misuse (albeit perhaps inadvertently) its highly confidential information, in order to apply for new patents or amend existing claims. By comparison, the impact on Atleisure from the entry of a prosecution bar is not significant. Atleisure is already comfortable with representation by multiple law firms, as shown by its use of both ATLawIP and Allen Dyer in the instant case. Moreover, the Allen Dyer firm has at least fifteen lawyers licensed to practice before the PTO. *See* https://allendyer.com/attorneys-agents/. Accordingly, Atleisure may staff the instant litigation with qualified lawyers who are able to view Sunvilla's highly confidential information subject to a prosecution bar—such attorneys, however, cannot and should not participate or advise in the drafting or

amendment of patent claims within the technical area of outdoor cantilevered umbrellas. For such activities, Atleisure can rely on other qualified lawyers, including ones at the ATLawIP or Allen Dyer firms.

## IV.   Good Cause Exists For the Remaining Terms of the Protective Order

The parties agree on all of the other terms of the proposed protective order. Good cause exists for the entry of these provisions because they help to protect the confidentiality of the parties' materials as well as the materials of third parties, they impose no additional burden on the Court in overseeing the litigation, and they will make discovery proceedings more just and efficient.

## V.   Conclusion

For at least the foregoing reasons, Defendant Sunvilla Corporation respectfully requests that its Motion be granted, and that the Court enter Sunvilla's proposed protective order, submitted herewith.

Respectfully submitted this 18th day of March 2021.

/s/ Walter Hill Levie III
Walter Hill Levie III
Georgia Bar No. 415569
Stephen M. Schaetzel
Georgia Bar No. 628653
tlevie@mcciplaw.com
sschaetzel@mcciplaw.com
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

Steven Malin (admitted *pro hac vice*)
Texas Bar No. 12859750
steve@malinlawfirm.com
LAW OFFICE OF STEVEN MALIN, PLLC
1400 Preston Rd, Suite 400
Plano, TX 75093
Telephone: (214) 800-5117

*Attorneys for Defendant Sunvilla Corporation*

## **LOCAL RULE 7.1D CERTIFICATION**

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1B. The foregoing pleading was prepared on a computer using 13-point Century Schoolbook font.

/s/ Walter Hill Levie III
Walter Hill Levie III

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 18, 2021, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

/s/ Walter Hill Levie III
Walter Hill Levie III