**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ATLEISURE, LLC | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 1:20-cv-04662-TWT |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| SUNVILLA CORPORATION | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER WITH PROSECUTION BAR

Plaintiff ATLeisure, LLC ("ATLeisure"), hereby responds to Defendant Sunvilla Corporation's ("Sunvilla") Motion for Entry of a Protective Order with a Prosecution Bar (Dkt. 27), and in opposition thereof ATLeisure shows the Court as follows:

The parties agree that a protective order is appropriate for business reasons, i.e. to limit access to the parties' financial information. Indeed, the parties negotiated the entirety of a protective order, including provisions specifically excluding the use of "Protective Material" from use for any purpose other than the litigation (and appeals therefrom). Nonetheless, Sunvilla seeks the inclusion of a "prosecution bar" in the protective order. The theory is that at some point Sunvilla might produce super-secret details about a future patio

umbrella, and therefore any litigation counsel privy to designated Sunvilla documents (which may or may not even exist) would be precluded from prosecuting patents or assisting in certain aspects of the pending IPR proceeding in the USPTO for two years *following* the completion of this action. To be blunt, the products at issue in this action are not highly guarded military secrets—they are patio umbrellas that anyone can purchase and disassemble in an afternoon. The patent in this case dates back more than a dozen years to 2008, so there is no likelihood that Sunvilla will produce documents disclosing a "secret" new product specification both innovative and critical to the business needs of Sunvilla while also relating to the '492 patent. Sunvilla offers no evidence that it has <u>any</u> documents or secret product specifications that are relevant to this action and so critical as to necessitate depriving ATLeisure of its counsel of choice. Yet that is what Sunvilla proposes. There is not good cause to limit ATLeisure's choice of counsel (or impose on counsel a prohibition on assisting other clients for years to come). The motion seeking the inclusion of a prosecution bar in the protective order should be denied.

I.     <u>No Evidence That Trial Counsel are a Competitive Decisionmakers.</u>

"Because patent prosecution is not a one-dimensional endeavor and can encompass a range of activities, it is shortsighted to conclude that every patent prosecution attorney is necessarily involved in competitive decision making."

*In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1379 (Fed. Cir. 2010); *Fla. Power & Light Co. v. Lixi, Inc.*, No. 11-80847-Civ-Hopkins, 2012 U.S. Dist. LEXIS 192262, at *7 (S.D. Fla. June 8, 2012). Attorneys who play "[n]o significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios" involve a lesser risk of an inadvertent reliance on information obtained throughout the course of litigation. *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1379-80 (Fed. Cir. 2010). Yet Sunvilla offers the blanket assertion that because trial counsel will either be involved in the IPR (the undersigned) or prosecution some patents (Mr. Breloski) they are necessarily competitive decisionmakers. This is incorrect.

Here, the undersigned, who is designated as lead trial counsel, has no role in ATLeisure's current patent prosecution and cannot possibly be deemed involved in competitive decision making for ATLeisure. This is the first action in which the undersigned has represented ATLeisure as a named party in the suit. After this action was filed, an IPR petition was filed related to the '492 patent at issue in this action, and Sunvilla has since cited the IPR petition as relevant to its defenses in its Rule 26 disclosures. It is logical that lead counsel in this action also represent ATLeisure in the IPR proceeding given the potential overlap that may be addressed in both actions. However, the undersigned has not prosecuted any patents on behalf of ATLeisure, received

an invention disclosure from ATLeisure, nor drafted or amended any patent application for ATLeisure. Sunvilla argues, relying on nothing more than a conclusory statement that this litigation and the pending IPR petition poses "a significant risk that Sunvilla's highly confidential information regarding future or unreleased products will be misused." (Dkt. 27-1, p. 6.) However, generally pointing to representation of ATLeisure in patent litigation and an IPR on the same patent does not somehow convert the undersigned's role into one of competitive decision making.

Perhaps recognizing that the undersigned has no involvement in ATLeisure's patent prosecution, Sunvilla focuses more on Jeff Breloski, who is also counsel of record and is currently involved in patent prosecution on behalf of ATLeisure. However, Mr. Breloski's involvement in this action does not establish good cause sufficient to warrant a prosecution bar. To conclude that there is a risk of inadvertent disclosure or competitive use by Mr. Breloski in prosecution necessarily assumes that Sunvilla has or will produce documents showing Sunvilla's future or unreleased products. Indeed, while Sunvilla claims it "reasonably fears" such information might be produced, it offers no evidence to suggests that such information exists, much less how it would be used in this case. *See Paice, LLC v. Hyundai Motor Co.*, No. WDQ-12-04999, 2014 U.S. Dist. LEXIS 137767, \*11 (D. Md. Sept. 29, 2014) (rejecting a

prosecution bar based on only "general assertions" with "no specific facts" indicating how the party's confidential information would be used). Notably, based on searches of the USPTO records, it appears that Sunvilla has never sought a single patent, suggesting it is neither an innovator in this field nor at risk of disclosing any innovation in this litigation. Moreover, the '492 patent asserted in this action dates back more than twelve years—it is incredibly speculative to suggest that any "future" as of yet unreleased product will both fall within the claims of the '492 patent (making it relevant in this case) while also including any feature sufficiently innovative to justify Sunvilla's first ever patent application. Given the facts of this case, Sunvilla cannot establish there is a risk of inadvertent disclosure or competitive use in this action and the *Deutsche Bank* conditions need not even be considered. *Deutsche Bank*, 605 F.3d at 1380.

II.     The Factors Articulated in *Deutsche Bank* Are Not Met[1].

A.     Sunvilla Fails to Reasonably Identify the Information Triggering the Bar

While ATLeisure does not believe Sunvilla can carry its burden in showing that risk of inadvertent disclosure or competitive use is sufficient to

---

[1] Although ATLeisure contends that the factors in Deutsche Bank are not satisfied when considered in total, it does not contest that the prosecution bar as proposed is limited to the subject matter of the patent in suit.

impose a prosecution bar, it nonetheless addresses the factors under *Deutsche
Bank* in an abundance of caution, The proposed prosecution bar states that it
shall apply to "materials [that] relate to technical or research and development
information for products that are not publicly known." There are two problems
with this qualification. First, it is not sufficiently limited in scope, allowing
Sunvilla to designate <u>any</u> allegedly unknown technical document or research.
See, e.g., *EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*, 881 F. Supp. 2d
254, 257 (D.P.R. 2012). The second issue on this point is that even Sunvilla has
no idea whether there are any documents that would trigger the bar. How is
there a need to implement a prosecution bar when Sunvilla cannot determine
whether any such documents even exist? Sunvilla has failed to establish the
first factor is met.

  B. <u>The Duration is Improper.</u>

  While Sunvilla contends a two-year duration from the "final termination
of this action" is appropriate, the inclusion of any potential appeals extends the
bar too long. As other courts have recognized, "the bar's duration should not be
determined by this case's future life in the courts of appeals." *EON Corp. IP
Holdings*, 881 F. Supp. 2d at 258. Ultimately, the *EON Corp.* decision set the
duration of the bar as one year after final judgment in the district court. *See
id*. While ATLeisure contends no bar is necessary, should the Court implement

one it should be limited to a year after judgment of this Court and not extend to appeals or other proceedings.

> C.    The Scope of Activities Covered is Inconsistent with the Alleged Risk.

The basic premise behind a prosecution bar is that if a prosecuting attorney is involved in competitive decisionmaking for a client, it may be impossible for the attorney to avoid disclosing highly sensitive information of another company during prosecution. *See In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). The theoretical harm is that a prosecutor who is crafting patent claims could, while having knowledge of a competitor's secret product, draft claims that encompass that competitive product. While perhaps that is a concern with the prosecution of new patent applications, amendments during an IPR proceeding differ significantly. Claim amendments made during an IPR can neither enlarge the scope of the claims nor introduce new matter. *See* 35 U.S.C. § 316(d).

Some courts have recognized a prosecution bar is not required in the context of post-grant proceedings because "amendments made during reexamination can only serve to narrow the original claims. Hence, no product that did not infringe a patent before reexamination could ever infringe that patent following [post-grant proceedings]." *Koninklijke Philips N.V. v. Iguzzini*

*Lighting USA, Ltd.*, 311 F.R.D. 80, 86 (S.D.N.Y. 2015), quoting *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 185 (D. Del. 2010); *see also Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D.N.Y. 2008) ("[U]nlike prosecution of an initial patent application, the Patent Act expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent"). The rational is simple—if the IPR petition is granted and claims of the '492 patent were subsequently amended during the proceeding, they could <u>only</u> be narrowed, and could not be expanded to cover a secret Sunvilla product that might possibly be disclosed during discovery.

Importantly, courts have denied imposition of a prosecution bar that would cover post-grant proceedings, including IPRs, where the party seeking the imposition only identifies a general risk of misuse or where it is unclear what underlying confidential information would cause any harm. *See, e.g., PPC BroadBand, Inc. v. Times Fiber Commc'ns Inc.*, No. 5:13-cv-0460, 2014 U.S. Dist. LEXIS 27912, 2014 WL 859111, at *3 (N.D.N.Y. Mar. 5, 2014) ("It is not enough to identify a general risk that confidential information disclosed during litigation may influence counsel's representation of a party before the PTO."); *Helferich Patent Licensing, LLC v. Suns Legacy Partners LLC*, Nos. 11-cv-02304 et al., 2012 U.S. Dist. LEXIS 172422, 2012 WL 6049746, at *3 (D. Ariz. 2012) (rejecting prosecution bar where confidential information alleged was

"vague and speculative," and "d[id]  not identify any specific information that would cause injury"); *see also Koninklijke Philips*, 311 F.R.D. at 85-86. Here, Sunvilla has not identified any document that would be so sensitive as to merit a prosecution bar, nor offered any evidence supporting such arguments.

Sunvilla's effort to secure blanket prohibition on participation in IPRs where claims may be amended unduly burdens ATLeisure's ability to select its counsel. Some courts have refused to apply a patent prosecution bar in IPR proceedings when the lead litigation counsel is involved in the IPR proceeding as well as a related federal lawsuit. *See Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, Civil Action No. 15-691-LPS-CJB, 2016 U.S. Dist. LEXIS 14006, at *8-9 (D. Del. Feb. 4, 2016) (denying request for prosecution bar when the lead litigation attorneys in a federal lawsuit were the same attorneys that were involved in a related, prior-filed IPR proceeding.). In such cases, courts have found that the risk of an inadvertent disclosure or the risk of a competitive misuse of confidential information does not outweigh the potential harm to the other party. *Id.*

Sunvilla argues that some courts have approved a prosecution bar that applies to post-grant proceedings in certain instances. However, those cases typically arise when the technology is in highly technical fields such as for software design patents or when computer source code is disclosed. For

example, Sunvilla cites to *Telebuyer, LLC v. Amazon.com, Inc.*, No. 13-cv-1677, 2014 U.S. Dist. LEXIS 147049, at *11 (W.D. Wash. July 7, 2014), a case where source code triggered the prosecution bar. *See also DeCurtis LLC v. Carnival Corp.*, No. 20-22945-Civ-SCOLA/TORRES, 2021 U.S. Dist. LEXIS 884, at *17 (S.D. Fla. Jan. 5, 2021); *EPL Holdings, LLC v. Apple Inc.*, 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013).[2] There is no reason (or evidence) to conclude anything worthy of such protection will be produced by Sunvilla, much less information as sensitive as computer source code.

Finally, although Sunvilla suggests the prosecution bar is narrow as it pertains to an IPR, the proposed language states "Barred Persons (including counsel for the Receiving Party) may not participate, directly or <u>indirectly</u>, in drafting or advising on any amendments or alterations to any patent claim(s) in such proceedings." (Dkt. 27-2, ¶14, underlining added.) What does it mean to participate "indirectly" in amending or altering claims? Does that mean that once a claim amendment is proposed, those subject to the bar can no longer participate in the proceeding, or cannot submit briefs or oral argument on claims where an amendment has proposed? While ATLeisure contends Sunvilla has failed to establish good cause for a prosecution bar, if one is issued

---

[2] Both of these decisions reference source code protections and were relied on by Sunvilla.

it should be limited to <u>drafting</u> claim amendments, not vague activities "indirectly" related to claim amendments or alterations.

III.    CONCLUSION

This not one of complicated source code or software, nor one dealing with incredibly nuanced or challenging technology. This case is about outdoor patio umbrellas, and while that does not diminish the innovative nature of the asserted patent, it does go to whether Sunvilla has documents so sensitive and secretive that it warrants stripping ATLeisure's right to choose counsel for this action and proceedings in the USPTO. Sunvilla has yet to identify any documents that could be so critical to its business that a prosecution bar applies, while it has also failed to establish that counsel for ATLeisure qualify as competitive decisionmakers on behalf of business issues for ATLeisure. These failures alone doom Sunvilla's request for a prosecution bar. Even if the Court were to conclude Sunvilla may one day have so innovative and important a document as to designate it for a prosecution bar, that bar should not extend to IPR proceedings "indirectly" related to claim amendments, not for two years after the conclusion of this entire action, inclusive of appeals. Sunvilla's motion should be denied.

Respectfully submitted, April 1, 2021.

By:   */s/ Ryan T. Santurri*
Ryan T. Santurri (Pro Hac Vice)
Florida Bar No. 15698
Email: rsanturri@allendyer.com

ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32801
407.841.2330

Jeffrey T. Breloski, Trial Counsel
Georgia Bar No. 858291
Florida Bar No. 18077
E-mail: jbreloski@ATLawip.com

ATLAW*IP* LLC
1265 Stuart Ridge
Johns Creek, Georgia 30022
678.667.3491

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Century Schoolbook 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

*/s/ Ryan T. Santurri*
Ryan T. Santurri (Pro Hac Vice)
Florida Bar No. 15698
USPTO Reg. No. 61,894
Email: rsanturri@allendyer.com

## CERTIFICATE OF SERVICE

I also certify that I have electronically filed a copy of the foregoing and understand that notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and that parties may access this filing through the CM/ECF system.

Dated:  April 1, 2021

*/s/ Ryan T. Santurri*
Ryan T. Santurri (Pro Hac Vice)
Florida Bar No. 15698
USPTO Reg. No. 61,894
Email: rsanturri@allendyer.com
