IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLEISURE, LLC,

     Plaintiff,

        v.

                                CIVIL ACTION FILE
                                NO. 1:20-CV-4662-TWT

SUNVILLA CORPORATION,

     Defendant.

## OPINION AND ORDER

This is a patent infringement case. It is before the Court on the Defendant's Motion to Dismiss [Doc. 13]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 13] is DENIED.

## I.    Background

The Plaintiff, ATLeisure, LLC designs, manufactures, and sells outdoor furniture, firepits, and umbrellas. (Compl. ¶ 7.) The Plaintiff owns several patents and trademarks for its products. (*Id.* ¶ 16.) One patent claimed by the Plaintiff is U.S. Patent No. 8,104,492 ("the '492 Patent"), which describes a design for an outdoor umbrella. (*Id.* ¶ 1.) The Plaintiff alleges it "has exclusive rights in the '492 Patent, including the right to use and enforce the patent." (*Id.* ¶ 18.) The Defendant, Sunvilla Corporation, is one of the Plaintiff's direct competitors. (*Id.* ¶ 11.) The Plaintiff alleges that the Defendant manufactures

and sells various outdoor umbrellas that infringe upon the '492 Patent. (*Id.* ¶ 1.) The Plaintiff alleges that the Defendant and two of its customers, Costco and Home Depot, "infringe at least Claim 1 of the '492 Patent." (*Id.* ¶ 26.) The Plaintiff brings claims for direct and induced infringement. (*Id.* ¶¶ 28–44.)

## II.    Legal Standard

Generally, a complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).[1] A complaint may survive a motion to dismiss for failure to state a claim even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, "[i]f matters outside the pleadings are presented by the parties and considered by the district court, the

---

[1] The Court acknowledges that the pleading standard in direct patent infringement cases is somewhat unsettled. Until their abrogation in 2015, Federal Rule of Civil Procedure 84 and Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure outlined the requirements for a sufficient allegation of direct infringement. See *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). Since the abrogation of Rule 84 and Form 18, courts have debated whether to maintain the Form 18 standard or apply the *Twombly* and *Iqbal* standard, or whether a distinction between the two even exists. *Compare Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017) ("The parties assume that there is a difference between the requirements of Form 18 and *Iqbal/Twombly*; however, we have never recognized such a distinction."), *with Peralta v. Cal. Franchise Tax Bd.*, 673 F. App'x 975, 980 n.2 (Fed. Cir. 2016) ("The revised Rules eliminate Rule 84, which had allowed for patent infringement claims to be plead at a lower standard in form pleadings than that espoused in Twombly.").

Rule 12(b)(6) motion must be converted into a Rule 56 summary judgment motion." *Speaker v. U.S. Dept. of Health & Human Svcs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Conversion of the 12(b)(6) motion is not required where the relevant documents are attached to or incorporated by reference in the pleading and the documents are "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

### III. Discussion

In its Motion to Dismiss, the Defendant does not attack the sufficiency of the Plaintiff's allegations regarding infringement of the '492 Patent. Instead, the Defendant argues that regardless of whether the Plaintiff is a co-owner or exclusive licensee of the '492 Patent, its claims must be dismissed. If the Plaintiff is a co-owner of the patent, the Defendant argues it must join the other alleged co-owner, Yada Technology Group Company, Ltd. ("Yada Technology"). (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 4–11.) Alternatively, if the Plaintiff claims it is an exclusive licensee of the '492 Patent, the Defendant argues that any license does not confer the right to sue for a variety of reasons: the license has expired and the rights granted by the license were jointly held and non-exclusive. (*Id.* at 11–15.) In response, the Plaintiff argues that it has sufficiently alleged that it "owns exclusive rights in the '492 [P]atent and that Sunvilla has infringed on those rights." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 5.) According to its brief, the Plaintiff claims

T:\ORDERS\20\ATLeisure, LLC\mtdtwt.docx

it is the sole owner of the '492 Patent. (*Id.* at 1.) If the Court instead finds that Yada Technology is a co-owner of the '492 Patent, the Plaintiff argues that an analysis under Federal Rule of Civil Procedure 19 would indicate that Yada Technology is neither necessary nor indispensable, and, because the entity no longer exists, joinder would be impossible. (*Id.* at 8–11.)

In essence, the Defendant argues that the Plaintiff has failed to satisfy the statutory requirements to bring this action by challenging the Plaintiff's ownership or license of the patent. Section 262 of the Patent Act requires that "all co-owners must ordinarily consent to join as plaintiffs in an infringement suit." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). In the Defendant's view, the Plaintiff co-owns the '492 Patent with Yada Technology, while the Plaintiff argues it is the patent's sole owner. The determination of the Plaintiff's ownership of the '492 Patent and the identification of any patent co-owners "is a threshold issue that must be resolved" before other elements of the Plaintiff's claims. *See AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1377 (Fed. Cir. 2020). However, this inquiry is a fact-intensive one, which puts the Court on uncomfortable ground at the motion to dismiss stage. To support its argument, the Defendant requests that this Court "take judicial notice of the pleadings, filings, and agreements in the public record" of an earlier case that involved the Plaintiff's standing to enforce the '492 Patent. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 5 n.1.) The Defendant's brief relies on these filings—in particular,

a response to a Statement of Undisputed Material Facts and a declaration by William Browne—to argue that the Plaintiff has previously admitted it "is a co-owner of the '492 patent," and thus Yada Technology must be joined. (*Id.* at 7.)

The Court must determine whether it can judicially notice these pleadings and filings. Under Federal Rule of Evidence 201(b), the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." When the Court is provided with such information, the Court "must take judicial notice if a party requests it." Fed. R. Evid. 201(c)(2). However, "for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). As a result, though pleadings and filings from other cases can be judicially noticed, that notice only extends to the indisputable elements of those documents. While a court can take judicial notice of the existence of certain pleadings and filings in earlier cases, it cannot notice the claims and factual findings of earlier cases. *See id.* (noting that "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)); *see also Grayson v. Warden, Comm'r, Ala. Dep't of Corrs.*, 869 F.3d 1204, 1225 (11th Cir. 2017)

("[E]ven though a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings, a court cannot take judicial notice of factual findings of another court." (internal punctuation and quotation marks omitted)). Thus, claims and factual findings made in prior actions involving the '492 Patent cannot be noticed in this case. *See id.* ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of [issue preclusion] would be superfluous.").

Here, the Defendant asks the Court to judicially notice the contents of earlier pleadings and filings for the truth of the matter asserted, which the Court cannot do. For example, the Defendant claims that the Plaintiff "has confirmed [an] assignment of the '492 patent to [the Plaintiff] and Yada Technology as co-owners," citing a statement in the Plaintiff's earlier response to an opposing party's Statement of Undisputed Material Facts. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 5–6.) This statement, made by the Plaintiff to oppose a summary judgment motion, is by its very nature disputable and therefore not amenable to judicial notice. Any statement of fact made by the Plaintiff in the course of earlier litigation through declarations (Def.'s Mot. to Dismiss, Exs. 3, 6.), briefs (*Id.*, Exs. 4, 5.), and other filings (*Id.*, Exs. 2, 8.) cannot be noticed by the Court, though the existence of such filings will be. *See Grayson*, 869 F.3d at 1225.

What remains in support of the Defendant's Motion to Dismiss is an

6

Assignment of Intellectual Property the Plaintiff allegedly agreed to. (Def.'s Mot. to Dismiss, Ex. 1.)[2]  In the Defendant's view, this document demonstrates that the Plaintiff and Yada Technology were jointly assigned the '492 Patent, and thus Yada Technology must be joined as a co-owner. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 5.) The Plaintiff argues in response that the second assignment of the '492 Patent, executed later in the same day as the initial Assignment of Intellectual Property, demonstrates the intent of the parties to make the Plaintiff the sole owner of the '492 Patent. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 3–5.) In support, the Plaintiff attaches to its response a declaration from William Browne and five supporting exhibits of documents related to the transaction. (*Id.*, Exs. 1–6.)

Typically, a court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The Defendant attached the Assignment of Intellectual Property to its Motion to Dismiss, and thus the document must fall into this exception to avoid conversion into a summary

---

[2] The Defendant attaches an Asset Purchase Agreement as an exhibit to its Motion to Dismiss. (Def.'s Mot. to Dismiss, Ex. 7.) The Defendant points to this document to argue that the Plaintiff is not an exclusive licensee of the '492 Patent. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 11–12.) However, the Plaintiff relies on arguments that it is the sole owner of the '492 Patent and does not argue it is an exclusive licensee. (*See, e.g.*, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 1, 4.) Thus, this document is not relevant here.

7

judgment motion. The Assignment of Intellectual Property is "undisputed" because its authenticity has not been challenged. *Id.* However, the document is not central to the Plaintiff's claims. The document is neither referred to in the Plaintiff's Complaint nor "concern[s] the merits of" the Plaintiff's infringement claims. *Roberts v. Carnival Corp.*, 824 F. App'x 825, 827 (11th Cir. 2020); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . ."). Thus, the Assignment of Intellectual Property does not fall into the Eleventh Circuit's "incorporation by reference" exception and is not deemed a part of the pleadings here. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Notwithstanding the 2012 agreement, the Complaint clearly alleges that ATLeisure has exclusive rights in the '492 Patent, including the right to use and enforce the patent.

When a court must rely on material outside the pleadings on a motion to dismiss, the motion must be converted into a motion for summary judgment. Fed. R. Civ. P. 12(d). As the Federal Circuit has recently indicated, determination of patent ownership is a key threshold issue that requires robust fact development before evaluating the merits of an infringement claim. *See AntennaSys, Inc.*, 976 F.3d at 1377 (vacating and remanding a lower court's decision regarding claim construction for failure to develop a full factual record

8

regarding a co-owner's ability to bring the suit). The Parties' briefing often covered unnecessary issues. For example, much of the Defendant's Motion to Dismiss discussed an alternative theory that the Plaintiff might argue it was an exclusive licensee, a claim the Plaintiff did not defend in its briefing. The Plaintiff also advanced the legally incorrect argument that the Court should conduct a Rule 19 analysis in this context. As the Defendant correctly notes, such analyses are not permitted when evaluating the joinder of patent co-owners. *See STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014) ("To remove any doubt, this court holds that the right of a patent co-owner to impede an infringement suit brought by another co-owner is a substantive right that trumps the procedural rule for involuntary joinder under Rule 19(a)."). Both parties relied extensively upon materials and/or affidavits outside of the pleadings. Neither party requested that the Motion to Dismiss should be converted into a Motion for Summary Judgment. Under the circumstances the appropriate thing to do is to deny the Motion to Dismiss and address the question of ownership of the patent at the summary judgment stage.

## IV. Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 13] is DENIED.

T:\ORDERS\20\ATLeisure, LLC\mtdtwt.docx

SO ORDERED, this 5 day of May, 2021.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

T:\ORDERS\20\ATLeisure, LLC\mtdtwt.docx