UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLEISURE, LLC | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No. 1:20-cv-04662-TWT |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SUNVILLA CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SUNVILLA CORPORATION'S ANSWER AND COUNTERCLAIM

Defendant Sunvilla Corporation ("Sunvilla"), by and through its undersigned counsel, hereby files its Answer and Counterclaims as follows:

### SUNVILLA'S ANSWER

Sunvilla responds to the individually numbered paragraphs in Plaintiff Atleisure, LLC's ("Atleisure") Complaint as follows:

### NATURE OF ACTION

**COMPLAINT ¶ 1:**      This is an action for willful patent infringement of ATLeisure's U.S. Patent No. 8,104,492 ("492 Patent'). ATLeisure asserts the '492 Patent against the Defendant for making, using, offering to sell, selling, and/or importing various products for patio and outdoor umbrellas, including, but not limited to those sold under the description "SunVilla 10'

1

Offset Umbrella" (Item no: 1396167) ('Accused Umbrellas'), or inducing others to infringe the '492 Patent.

**ANSWER:** Sunvilla admits that Atleisure purports to state a claim for patent infringement, but denies the legal sufficiency of Atleisure's claims and allegations. Sunvilla denies that any Sunvilla product (including the "SunVilla 10' Offset Umbrella (Item no: 1396167)") infringes the '492 patent or that Atleisure is entitled to any relief. As set forth below, Sunvilla denies that Atleisure has identified any Accused Instrumentality pursuant to the Local Patent Rules. Sunvilla denies the remaining allegations of Paragraph 1.

## PATENT JURISDICTION AND VENUE

**COMPLAINT ¶** 2: ATLeisure's patent infringement claims for arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Sunvilla admits that Atleisure purports to state a claim for patent infringement, but denies the legal sufficiency of Atleisure's claims and allegations. Sunvilla does not contest subject matter jurisdiction in this case, except as discussed in Sunvilla's motion to dismiss briefing (regarding lack of

standing).

**COMPLAINT ¶ 3:**     This Court has personal jurisdiction over the Defendant by reason of the business that it has transacted and continue to transact in this judicial district and division. In particular, Defendant has made and continue to make, have offered to sell and continue to offer to sell, have sold and continue to sell, have used and continue to use, and have imported and continue to import patio and outdoor umbrellas that infringe valid and enforceable claims of the '492 Patent.

**ANSWER:** Sunvilla does not contest personal jurisdiction in this case, but denies the legal sufficiency of Atleisure's claims and allegations. Sunvilla denies that it makes, uses, sells, offers to sell or imports any product that infringes any claim of the '492 patent and denies the remainder of Paragraph 3.

**COMPLAINT ¶ 4:**     The Court has personal jurisdiction over Defendant pursuant to Georgia's Long Arm Statute because Defendant has committed tortious acts within the state from which the below causes of action arise, and/or have committed tortious actions outside of Georgia with the intent to cause—and in fact caused— injury in Georgia and to Georgia, as explained in more detail below.

**ANSWER:** Sunvilla does not contest personal jurisdiction in this case, but denies the legal sufficiency of Atleisure's claims and allegations. Sunvilla denies the remainder of Paragraph 4.

**COMPLAINT ¶ 5:**    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Local Rule 3.1 B.

**ANSWER:** Sunvilla does not contest venue in this case, but denies the legal sufficiency of Atleisure's claims and allegations. Sunvilla denies the remainder of Paragraph 5.

## PARTIES

### A.    Plaintiff ATLeisure, LLC.

**COMPLAINT ¶ 6:**    Plaintiff is a limited liability company organized under the laws of Delaware, with its principal place of business located at 1040 Boulevard SE, Suite B, Atlanta, Georgia 30312.

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 6 and therefore denies them.

**COMPLAINT ¶ 7:**    ATLeisure designs, manufactures, markets, and sells umbrellas, furniture, and fire pits for outdoor living. Specifically, ATLeisure's patio and outdoor umbrellas are designed, manufactured, sold, and distributed throughout the United States and in this judicial district and

4

division by ATLeisure.

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 7 and therefore denies them.

### B.     Defendant Sunvilla Corporation.

**COMPLAINT ¶ 8:**      Upon information and belief, Defendant Sunvilla Corporation is incorporated in California, with its principle [sic] place of business located at 1116 Coiner Court, City of Industry, California 91748. Upon further information and belief, Defendant may be served through its agent for service of process, Kari Liu, at the same address.

**ANSWER:** Sunvilla admits that it is incorporated in California and has its principal place of business at 1116 Coiner Court, City of Industry, California. Sunvilla denies the remainder of this Paragraph 8.

**COMPLAINT ¶ 9:**      Upon information and belief, Defendant does business in this district at its office located at 780 Douglas Hills Rd, Lithia Springs, Georgia 30122.

**ANSWER:** Sunvilla admits that it operates a warehouse at 780 Douglas Hills Rd, Lithia Springs, Georgia 30122. Sunvilla denies the remainder of this Paragraph 9.

**COMPLAINT ¶ 10:**      Upon information and belief, Defendant is in

the business of designing, manufacturing, distributing, selling, marketing, and importing patio and outdoor umbrellas.

**ANSWER:** Sunvilla admits that it is a supplier of patio and outdoor umbrellas. Sunvilla denies the remainder of this Paragraph 10.

**COMPLAINT ¶ 11:**   Defendant is a direct competitor of ATLeisure's umbrella business.

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 11 and therefore denies them.

### ATLEISURE® - CREATE YOUR ESCAPE®

**COMPLAINT ¶ 12:**   Established in 2011, ATLeisure designs, manufactures, and supplies the outdoor furniture and accessories market with proprietary, innovative products. One of its primary product lines is outdoor, patio umbrellas. Its mission is to design items and collections with timeless style and quality that will help its clients "CREATE YOUR ESCAPE®."

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 12 and therefore denies them.

**COMPLAINT ¶ 13:**     Headquartered in Atlanta, Georgia, ATLeisure is a fully integrated US, European, and China Operation. It offers state-of-the-art manufacturing facilities located in Yongkang and Linhai, China. ATLeisure represents an exceptional sales and design force with a combined 50 years' experience and is committed to delivering high quality products, patented designs, and superior customer service worldwide.

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 13 and therefore denies them.

**COMPLAINT ¶ 14:**     ATLeisure furnishes its clients the ability to extend interior living to the outdoors. Its seasoned designers continually create a variety of trendsetting collections and styles to create your escape. Homeowners are no longer limited to dining sets and chaise lounges. ATLeisure offers a variety of outdoor living options consisting of comfortable deep-seating groups, classic dining, outdoor bars, a wide selection of umbrella shade options and beach accessories. Its product lines feature extruded aluminum, all-weather wicker, steel, and other long-lasting materials maintaining both beauty and durability to last.

**ANSWER:** Sunvilla lacks sufficient information to either admit or

deny the allegations contained in this Paragraph 14 and therefore denies them.

**COMPLAINT ¶ 15:**   ATLeisure has positioned itself as a leader of outdoor living products with a continued commitment to "on-trend" patented designs and inventions, use of long-lasting materials and superior engineering.

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 15 and therefore denies them.

**COMPLAINT ¶ 16:**   ATLeisure owns numerous patents and trademarks in the United States and around the globe.

**ANSWER:** Sunvilla lacks sufficient information to either admit or deny the allegations contained in this Paragraph 16 and therefore denies them. Specifically, Sunvilla denies that Atleisure wholly owns the patent-in-suit, the '492 patent; rather, Atleisure, at most, is a co-owner of that patent with Yada Technology's successor-in-interest (as set forth in Sunvilla's motion to dismiss briefing). Yet further, the '492 patent expired due to failure to pay maintenance fees, but was purportedly "reinstated" on February 29, 2020 (as discussed herein under Sunvilla's Separate Defenses).

## FACTUAL BACKGROUND

### A. ATLeisure's U.S. Patent No. 8,104,492

**COMPLAINT ¶ 17:**   On January 31, 2012, the United States Patent and Trademark Office duly and legally issued the '492 Patent, titled, "Adjustable Offset Umbrella."

**ANSWER:** Sunvilla admits that the face of the '492 patent reflects that it was issued by the United States Patent and Trademark Office on January 31, 2012, and that it is titled "Adjustable Offset Umbrella."  Sunvilla denies the validity of the '492 patent, or that the '492 patent was duly or legally issued. Except as expressly admitted above, Sunvilla denies each and every allegation of this Paragraph 17.

**COMPLAINT ¶ 18:**   ATLeisure has exclusive rights in the '492 Patent, including the right to use and enforce the patent.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 18.

### B.   Defendant's Accused Umbrellas

**COMPLAINT ¶ 19:**   Upon information and belief, Defendant, either directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products within the United States, the State of Georgia, and this judicial district and division. For instance, and upon information and belief, two such

9

intermediaries include Costco Wholesale Corporation ('Costco') and The Home Depot, Inc. ('Home Depot').

**ANSWER:** Sunvilla admits that it supplies certain products to its customers Costco Wholesale Corporation and The Home Depot, Inc., including in this judicial district. Except as expressly admitted above, Sunvilla denies each and every allegation of this Paragraph 19.

**COMPLAINT ¶ 20:**   Upon information and belief, Defendant's Accused Umbrellas are sold commonly under its SunVilla and Royal Garden brands, but are also sold through private label. See, e.g., 10 ft. x 10 ft. Commercial Aluminum Square Offset Cantilever Outdoor Patio Umbrella in Sunbrella Cast Shale available at https://www.homedepot.com/p/10-ft-x-10-ft-Commercial-Aluminum-Square- Offset-Cantilever-Outdoor-Patio-Umbrella-in-Sunbrella-Cast-Shale-YJAF-819C- SCS/305961740 (last visited Nov. 3, 2020)(branded as Hampton Bay®). Upon additional information and belief, Defendant owns and uses other brands including Royal Shade and Portica.

**ANSWER:** Sunvilla admits that it sells certain umbrella products under the Sunvilla, Royal Garden and Portica brands, and that Home Depot has sold Sunvilla umbrella products under a private label.  Except as expressly admitted above, Sunvilla denies each and every allegation of this

Paragraph 20.

### C.    Costco Wholesale Corporation - SunVilla

**COMPLAINT ¶ 21:**    Upon information and belief, Costco makes, uses, offers to sell, sells, or imports Defendant's patio and outdoor umbrellas.

**ANSWER:** Sunvilla admits that Costco sells and offers to sell Sunvilla's umbrella products. Except as expressly admitted above, Sunvilla denies each and every allegation in this Paragraph 21.

**COMPLAINT ¶ 22:**    One of Costco's Accused Umbrellas include the "SunVilla 10' Offset Umbrella, 1396167." Exhibit 2 (Costco Accused Umbrella Listing) available at https://www.costco.com/sunvilla-10'-offset-umbrella.product.100536193.html (last visited Oct. 5, 2020).

**ANSWER:** Sunvilla admits that Costco sells the Sunvilla product "SunVilla 10' Offset Umbrella, 1396167" but denies that this product has been accused in this case pursuant to the Local Patent Rules. Sunvilla further admits that Complaint Exhibit 2 appears to be a copy of a page from Costco's website showing the "SunVilla 10' Offset Umbrella, 1396167." Exhibit 2 speaks for itself. Except as expressly admitted above, Sunvilla denies each and every allegation of this Paragraph 22.

**COMPLAINT ¶ 23:**    Upon review of this Accused Umbrella and its accompanying instructions (Exhibit 3), the Accused Umbrella features

11

ATLeisure's technology protected by the '492 Patent. Compare Exhibit 1, p. 1

('492 Patent) with Exhibit 3, p. 8 (SunVilla 10' Offset Umbrella Instructions),

depicted below.



Exhibit 1, p. 1 ('492 Patent – Adjustable Offset Umbrella.



Exhibit 3, p. 8 (SunVilla 10' Offset Umbrella Instructions).

**<u>ANSWER:</u>** Sunvilla admits that Complaint Exhibit 3 appears to be a copy of

the "Assembly / Care & Use Instructions" for the "SunVilla 10' Offset

Umbrella, 1396167." Exhibit 3 speaks for itself. Except as expressly admitted above, Sunvilla denies each and every allegation in Paragraph 23.

### D.   The Home Depot – Royal Garden

**COMPLAINT ¶ 24:**   Similarly, Home Depot makes, uses, offers to sell, sells, or imports Defendant's patio and outdoor umbrellas. Two of Home Depot's Accused Umbrellas include -

1.   Hampton Bay 10 ft. x 10 ft. Commercial Aluminum Square Offset Cantilever Outdoor Patio Umbrella in Sunbrella Cast Shale 1 Exhibit 4 (Royal Garden 10' x 10' Offset Umbrella Instructions).

2.   Hampton Bay 10 ft. x 12 ft. Aluminum Rectangle Offset Cantilever Outdoor Patio Umbrella in Cafe2 Exhibit 5 - Royal Garden 10' x 12' Offset Umbrella Instructions.

**ANSWER:** Sunvilla admits that Home Depot offers to sell and sells the product "Royal Garden 10 FT x 10 FT Square Offset Umbrella" (Model # YJAF-819C-Cafe/Chili), and that Complaint Exhibit 4 appears to be that product's "Use and Care Guide." Exhibit 4 speaks for itself. Sunvilla further admits that Home Depot offers to sell and sells the product "Royal Garden 10 FT x 12 FT Square Offset Umbrella" (Model # YJAF-038C-Cafe/Chili) and that Complaint Exhibit 5 appears to be that product's "Use and Care Guide." Exhibit 5 speaks for itself.  Sunvilla further admits that the URLs, identified in footnotes to this paragraph in the Complaint, appear to link to certain Home Depot webpages, which webpages speak for themselves. Except as

13

expressly admitted above, Sunvilla denies each and every allegation in this Paragraph 24.

**COMPLAINT ¶ 25:**    Upon information and belief, Home Depot's Accused Umbrellas are private label versions of Sunvilla Corporation's Royal Garden square offset umbrella line.

**ANSWER:** Sunvilla admits that Home Depot sells certain Sunvilla umbrella products under a private label. Except as expressly admitted above, Sunvilla denies each and every allegation in this Paragraph 25. Specifically, Sunvilla denies that any product (related to Home Depot or otherwise) has been accused in this case pursuant to the Local Patent Rules.

### DEFENDANT'S [ALLEGED] PATENT INFRINGEMENT

**COMPLAINT ¶ 26:**    Defendant and its customers, namely Costco and Home Depot, infringe at least Claim 1 of the '492 Patent. See, e.g., Exhibit 6 (Preliminary Claim Chart)(analyzing Costco's SunVilla Accused Umbrella against Claim 1).

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 26.

**COMPLAINT ¶ 27:**    Defendant has committed and continues to commit acts of willful patent infringement within the United States, in the State of Georgia and in this judicial district and division. For example, upon

information and belief, Defendant has offered for sale and sold various patio and outdoor umbrellas, including the Accused Umbrellas to Costco. On further information and belief, Costco sells the Accused Umbrellas across the United States, including Atlanta, Georgia.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 27.

## COUNT I: [ALLEGED] WILLFUL INFRINGEMENT
## OF THE '492 PATENT

**COMPLAINT ¶ 28:**   ATLeisure restates and realleges Paragraphs 1 to 27 as if fully stated herein.

**ANSWER:** Sunvilla realleges its answers to Paragraphs 1 to 27 as if fully stated herein.

**COMPLAINT ¶ 29:**   Upon information and belief, Defendant manufactures, imports, offers for sale and/or sells products in the United States and in this judicial district and directly infringe one or more claims of the '492 Patent as set forth in the claim chart above.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 29.

**COMPLAINT ¶ 30:**   Defendant, in violation of 35 U.S.C. § 271, has willfully infringed and continue to infringe the '492 Patent.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 30.

**COMPLAINT ¶ 31:**   ATLeisure, under 35 U.S.C. § 284, may recover

damages adequate to compensate for the infringement of the Defendant.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 31.

**COMPLAINT ¶ 32:** ATLeisure has been, and continues to be, damaged and irreparably harmed by the infringement of the Defendant, which will continue unless this Court enjoins the Defendant.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 32.

**COMPLAINT ¶ 33:** The infringement of the '492 Patent by the Defendant has been, and continues to be, deliberate, willful and knowing.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 33.

**COMPLAINT ¶ 34:** The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling ATLeisure to recover treble damages and attorneys' fees.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 34.

## COUNT II: [ALLEGED] INDUCED INFRINGEMENT
## OF THE '492 PATENT

**COMPLAINT ¶ 35:** ATLeisure restates and realleges Paragraphs 1 to 27 as if fully stated herein.

**ANSWER:** Sunvilla realleges its answers to Paragraphs 1 to 27 as if fully stated herein.

**COMPLAINT ¶ 36:** Defendant, in violation of 35 US.C. § 271, has

16

and continues to induce others, including at least Costco and Home Depot, to directly infringe the '492 Patent.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 36.

**COMPLAINT ¶ 37:**   Defendant's customers directly infringe the '492 Patent by offering for sale and selling the Accused Umbrellas identified above, as encouraged, promoted and instructed by Defendant.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 37.

**COMPLAINT ¶ 38:**   Upon information and belief, Defendant was aware of the '492 Patent and knew that the acts by its customers, if taken, would constitute infringement of the '492 Patent or the Defendant believed there was a high probability that the acts, if taken, would constitute infringement of the '492 Patent but deliberately avoided confirming that belief.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 38.

**COMPLAINT ¶ 39:**   Upon information and belief, Defendant is on notice of its infringement of one or more of the claims of the '492 Patent, yet Defendant has continued to sell products that infringe to its customers.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 39.

**COMPLAINT ¶ 40:**   With knowledge of, or a willful blindness to, the

'492 Patent, Defendant encouraged its customers to infringe the '492 Patent through offering for sale and selling its Accused Umbrellas.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 40.

**COMPLAINT ¶ 41:**    ATLeisure, under 35 U.S.C. § 284, may recover damages adequate to compensate for the infringement of the Defendant.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 41.

**COMPLAINT ¶ 42:**    ATLeisure has been, and continues to be, damaged and irreparably harmed by the infringement of the Defendant, which will continue unless this Court enjoins the Defendant.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 42.

**COMPLAINT ¶ 43:**    The infringement of the '492 Patent by the Defendant has been, and continues to be, deliberate, willful, and knowing.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 43.

**COMPLAINT ¶ 44:**    The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling ATLeisure to recover treble damages and attorneys' fees.

**ANSWER:** Sunvilla denies the allegations contained in Paragraph 44.

## ATLEISURE PRAYER FOR RELIEF

Atleisure's prayer for relief does not contain statements that require a

response under Fed. R. Civ. P. 8 and 10. To the extent a response is required, Sunvilla denies all relief claimed in the Complaint prayer Sections (a) to (i) and otherwise, and further denies that Atleisure is entitled to any relief whatsoever. Sunvilla requests judgment in Sunvilla's favor on all claims and causes of action in this suit.

## ATLEISURE DEMAND FOR JURY TRIAL

Sunvilla respectfully requests a trial by jury on all issues triable by a jury in this case.

## SUNVILLA'S SEPARATE DEFENSES

Without conceding or assuming any burden of proof or burden of production, Sunvilla asserts the following separate defenses to Atleisure's Complaint:

## <u>SUNVILLA'S FIRST SEPARATE DEFENSE</u>
### (Non-infringement)

Sunvilla does not directly or indirectly infringe, and has not directly or indirectly infringed, any valid claim of the '492 patent, either literally or under the doctrine of equivalents. In addition, Atleisure has failed to properly accuse any product of infringement pursuant to the Local Patent Rules, as set forth more fully in Sunvilla's Response to Atleisure's Infringement Contentions.

19

## SUNVILLA'S SECOND SEPARATE DEFENSE
(Invalidity)

The asserted claims of the '492 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112. As set forth more fully in Sunvilla's Invalidity Contentions, the applicant of the '492 patent forfeited the May 5, 2008 filing date of provisional application no. 61/050,353 by adding substantial new matter (both text and drawing(s)) to application no. 12/435,640 filed May 5, 2009; said new matter enlarged and changed the scope of all issued claims.  Sunvilla asserts that the claims of the '492 patent are not supported by the disclosure of the provisional application no. 61/050,353 filed May 5, 2008, that said provisional application fails to (1) adequately provide a written description of the claimed invention, and (2) enable a person of skill in the art to make and use the claimed invention.  In view of these facts, the priority date for the '492 patent is May 5, 2009.  The '492 patent claims are invalid over the prior art described in Sunvilla's Invalidity Contentions.

## SUNVILLA'S THIRD SEPARATE DEFENSE
(Inequitable Conduct / Unclean Hands)

The '492 patent expired on January 31, 2020, based on Atleisure's

failure to pay maintenance fees; as of that date, the patent was legally null and void. See Exhibit 1 (Printout from PTO records showing expiration of '492 patent as of 02/22/2020).  Public records of the United States Patent Office ("PTO") show that – in addition to the '492 patent – Atleisure had previously let expire three additional patents, also for failure to pay maintenance fees:

| Atleisure Patent No. | Date of Expiration Due to Failure to Pay Maintenance Fees |
|---|---|
| 6,889,953 | 5/10/2013 |
| 7,604,015 | 10/20/2017 |
| 7,882,846 | 2/8/2019 |

On information and belief, the delay in paying the maintenance fee for the '492 patent was not unintentional.  On information and belief, Atleisure allowed the '492 patent to lapse after it abandoned the technologies in the 6,889,953, 7,604,015, and 7,882,846 patents.

On information and belief, on February 29, 2020, attorney James Claus (PTO reg. no. 62173) filed with the PTO a document entitled Petition to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent ("Petition"). Exhibit 2.  The purpose of the Petition was to obtain reinstatement of the '492 patent.  To do so, the Petition was required to and

did allege that "The Undersigned [James Claus] Certifies that the Delay in Payment of the Maintenance Fee to this Patent was Unintentional."

On information and belief, James Claus did not prosecute the '492 patent. On information and belief, James Claus is not, and at the time of the Petition, was not, an employee of Atleisure or the attorney of record for the '492 patent.

On information and belief, until being retained to file the Petition, James Claus was not responsible for paying maintenance fees for the '492 patent.

In the Petition, James Claus did not assert that he had been granted power of attorney, or was representing the assignee of record. Exhibit 2. Indeed, James Claus did not select the option in the Petition showing that he was "an attorney or agent registered to practice before the Patent and Trademark Office who has been given power of attorney in this application." Rather, Mr. Claus selected the box indicating that he signed the Petition as "An attorney or agent registered to practice before the Patent and Trademark Office." Exhibit 2.

On information and belief, James Claus did not make the appropriate inquiry to ascertain that, in fact, the delay was unintentional.

On information and belief, James Claus did not have personal knowledge that the delay in paying the maintenance fee for the '492 patent was in fact unintentional, or he knew that the delay in payment was intentional.

On information and belief, the attorney of record for the '492 patent and/or ATLeisure's representatives were aware that the delay was in fact intentional, and did not notify the PTO of that fact.

On information and belief, the statement of unintentional delay in the Petition was made without basis and with an intent to deceive, and it was material to the decision of the USPTO.  The USPTO would not have accepted the fee and would not have reinstated the '492 patent without the statement of unintentional delay. 37 CFR 1.378 ("Any petition to accept an unintentionally delayed payment of a maintenance fee must include … A statement that the delay in payment of the maintenance fee was unintentional.")

On information and belief, the '492 patent was prosecuted by competent outside counsel.  Moreover, PTO records reflect that Atleisure and/or its outside counsel appointed a specific firm - Dennemeyer & Co. – as agent to receive notices about and otherwise handle patent maintenance fees

(sometimes called "patent annuities") for the '492 patent.  Exhibit 3 (PTO maintenance fee statement for the '492 patent indicating Dennemeyer & Co., 2 N. Riverside Pl., Ste 1500, Chicago, IL" as "Current Maintenance Fee Address").

PTO records for the '492 patent reflect that on September 23, 2019, the PTO mailed a maintence fee reminder to Atleisure and/or its agent Dennemeyer.  Exhibit. 5 (PTO printout showing entry for "09-23-2019" to be "Maintenance Fee Reminder Mailed").

On information and belief, patent annuity firms such as Dennemeyer & Co. employ docketing systems and make it their business to ensure that maintenance fees for patents (patent annuities) are paid or otherwise are made known to the patent holder. For example, Exhibit 4 is a Dennemeyer & Co. Patent Annuities webpage, that ensures its clients "The Dennemeyer Group is a world leader in managing global patent annuity payments. Entrust this complex but vital task to us to ensure that your IP rights are in safe hands."  On information and belief, Dennemeyer & Co. sent notice(s) of maintenance fees due to Atleisure and/or Atleisure's counsel.

Nonetheless, despite reminders from the PTO and, on information and belief, Dennemeyer & Co. and potentially even Atleisure's counsel, Atleisure

permitted the '492 patent to expire for nonpayment of maintenance fees.

On information and belief, the representations made in the Petition violated ATLeisure's duty of candor and constituted inequitable conduct rendering the '492 patent unenforceable.

Discovery may lead to identification of additional acts of inequitable conduct during the prosecution of the '492 patent.

## SUNVILLA'S FOURTH SEPARATE DEFENSE
(Failure of Patent Marking and Notice)

Upon information and belief, Atleisure's claim for damages is limited or barred by its failure to comply with the marking and notice requirements of 35 U.S.C. § 287. On information and belief, Atleisure and/or its agent/licensee at least failed to mark the product Backyard Creations 10' x 13' offset umbrella, sold through Menard, model no. UMB-952371, with the '492 patent.

## SUNVILLA'S FIFTH SEPARATE DEFENSE
(Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications of the '492 patent and/or during the prosecution of any IPR involving the '492 patent, and by reasons of amendments, disclaimers,

disavowals, admissions, representations, arguments, and/or statements made therein by or on behalf of the applicants for the '492 patent, Atleisure is estopped from asserting surrendered claim scope or asserting infringement by equivalents.

## SUNVILLA'S SIXTH SEPARATE DEFENSE
(License and Patent Exhaustion)

Should discovery reveal that Atleisure has granted a license or has otherwise received payment from a licensee in a business relationship with either Sunvilla and/or a related entity or has otherwise been paid for an product, Sunvilla is entitled to the benefit of that license or payment under the doctrines of license and/or patent exhaustion.

## SUNVILLA'S SEVENTH SEPARATE DEFENSE
(Lack of Standing)

Upon information and belief, Atleisure does not own all right, title, and interest in and to the '492 patent and therefore lacks standing to sue Sunvilla on its own. On further information and belief, Atleisure is, at most, a co-owner of that patent with Yada Technology's successor in interest. *See* Sunvilla's Motion to Dismiss filed with the Court (Dkt. 13) and related briefing.  Accordingly, to maintain suit, the current co-owner of the '492 patent must voluntarily join Atleisure as plaintiff in this suit or the suit must

be dismissed.

## SUNVILLA'S EIGHTH SEPARATE DEFENSE
(Intervening Rights)

On information and belief, Atleisure's potential damages recovery from Sunvilla for alleged infringement of the '492 patent is limited, in whole or in part, due to the expiration of the '492 patent as a consequence of failure to pay maintenance fees.

## SUNVILLA'S NINTH SEPARATE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SUNVILLA'S OTHER DEFENSES

Sunvilla reserves its rights to assert additional defenses, whether available now or in the future, as discovery proceeds.

## <u>DEFENDANT SUNVILLA CORPORATION'S COUNTERCLAIMS</u>

Defendant/Counterclaimant Sunvilla alleges the following counterclaims against Plaintiff/Counter-Defendant Atleisure:

### <u>COUNTERCLAIM PARTIES</u>

1.     On information and belief, Atleisure is a limited liability company organized under the laws of the State of Delaware and has a principal place of business located in Atlanta, Georgia.

2.     Sunvilla is a corporation organized and existing under the laws of the State of California and has its principal place of business in City of Industry, California.

### <u>COUNTERCLAIM JURISDICTION AND VENUE</u>

3.     These counterclaims seek relief under the Declaratory Judgement Act, 28 U.S.C. §§ 2201 & 2202.

4.     This Court has subject matter over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5.     Atleisure is subject to the personal jurisdiction of this Court at least because Atleisure has subjected itself to the jurisdiction of this Court by filing the Complaint in this Court.

6.     Venue in this district is proper under 35 U.S.C. § 1391 as to these

Counterclaims.

7.      Based on Atleisure's filing of its Complaint, and Sunvilla's Answer and Separate Defenses to the Complaint, a true, actual, and justiciable controversy has arisen and now exists between Atleisure and Sunvilla regarding the non-infringement and invalidity of U.S. Patent No. 8,104,492.

**COUNTERCLAIM COUNT I**
(Declaration of Invalidity of U.S. Patent No. 8,104,492)

8.      Atleisure has asserted that Sunvilla infringes the '492 Patent.

9.      Atleisure filed U.S. provisional application no. 61/050,353 on May 5, 2008 (the "'353 application"), and later filed U.S. application no. 12/435,640 on May 5, 2009 (the "'640 application").  The '640 application inaccurately claims priority to the '353 application because substantial new matter was added to the '640 application, including new text and at least one new drawing.  The issued claims of the '492 patent do not have written description support in and are not enabled by the '353 application disclosure.  As a result, the date for determining prior art to the '492 claims is the filing date of the '640 application, May 5, 2009.

10.     One or more claims of the '492 Patent are invalid for failing to meet one or more "conditions for patentability" set forth in 35 U.S.C. §§ 101,

102, 103, and/or 112.

11.    Sunvilla seeks a declaration that the '492 patent is invalid.

## COUNTERCLAIM COUNT II
### (Declaration of Non-infringement of U.S. Patent No. 8,104,492)

12.    Sunvilla incorporates its allegations in Counterclaim Paragraph 8 as though fully set forth herein.

13.    Atleisure has failed to identify any allegedly infringing product pursuant to the Local Patent Rules of this Court.  If, in the future, Atleisure is permitted to and does accuse one or more Sunvilla products in accordance with the Local Patent Rules, Sunvilla reserves the right to prove that such identified product does not infringe any valid, enforceable claim of the '492 Patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

14.    Sunvilla seeks a declaration that Sunvilla does not and has not infringed any claim of the '492 patent.

## SUNVILLA'S PRAYER FOR RELIEF

Based on the foregoing, Defendant and Counterclaimant Sunvilla Corporation respectively requests the following relief:

1.    That Atleisure take nothing on its Complaint;

2.    That Atleisure's Complaint be dismissed with prejudice and that

all relief requested by Atleisure be denied, with prejudice;

3. That the Court deny any injunctive relief in favor of Atleisure and against Sunvilla;

4. That the Court enter judgment as requested herein declaring that Sunvilla does not infringe any claim of the '492 patent;

5. That the Court enter judgment as requested herein declaring that the '492 patent claims are invalid;

7. That the Court find this to be an exceptional case under 35 U.S.C. § 285, entitling Sunvilla to an award of its reasonable attorneys' fees;

8. That the Court award to Sunvilla its costs and expenses associated with this case; and

9. That the Court award to Sunvilla such other relief, in law or in equity, as this Court deems just and proper.

May 19, 2021

Steven Malin (pro hac vice)
Texas Bar No. 12859750
steve@malinlawfirm.com
LAW OFFICE OF STEVEN MALIN,
PLLC
1400 Preston Rd, Suite 400
Plano, TX 75093
Telephone: (214) 800-5117

Walter Hill Levie III
Georgia Bar No. 415569
Stephen M. Schaetzel
Georgia Bar No. 628653
tlevie@mcciplaw.com
sschaetzel@mcciplaw.com
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 19, 2021, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

/s/ Steven Malin


## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Century Schoolbook 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ Steven Malin